DAVID F. BARNEY, Appellant, v. THE OYSTER BAY AND HUNT-
INGTON STEAMBOAT COMPANY, Respondent.

A common carrier of passengers may establish on his car or vessel an
agency for the delivery of passengers' baggage, and may exclude all
other persons from entering upon it for the purpose of soliciting or
receiving orders from passengers in competition with such agency.

Plaintiff, an expressman, sought passage upon defendant's boat for the
purpose, among other things, of taking, while on the boat, orders from
the passengers for the delivery of baggage. Defendant had granted
the privilege of transacting this business on the boat to another, and as
plaintiff continued it after having been directed to desist, and refused
to promise to discontinue it, defendant caused him to be ejected from its
boat, and refused him passage. In an action to recover damages, *held*,
that defendant's action was justifiable, and that it was not liable.

(Submitted October 6, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, affirming a judgment
in favor of defendant entered upon an order nonsuiting plaintiff
on trial, and affirming an order denying a motion for a new trial.

This action was brought to recover damages for ejecting
plaintiff from defendant's steamboat and for refusing him
passage thereon.

Defendant was the owner of a steamboat and the carrier of
passengers and freight thereon between New York and Jones'
Dock, near Huntington, Long Island. Plaintiff was engaged
in the express business between New York and Huntington.
He had formerly been the authorized expressman on defend-
ant's boat receiving orders for the delivery of passengers'
baggage and taking charge of and delivering the same under
contract with it, but the privilege of transacting this business
on the boat had been granted by defendant to another person.
Plaintiff, contrary to the directions of defendant, continued
to advertise and transact his business as before, and he refus-
ing to promise to discontinue the business while on the boat;
he was, in consequence of such refusal, at one time ejected
from the boat, after he had purchased a ticket, and at other
times was refused a passage.

*J. M. Guiteau* for the appellant. The refusal to allow plaintiff on its boat cannot be justified by defendant on the ground that his object in obtaining a passage was to interfere with the interest or patronage of defendant. (Ang. on Com. Car., § 529; *Jenks* v. *Coleman*, 2 Sumn., 221.) The refusal could not be justified by showing the contract with a third person alleged in the answer. (*Sanford* v. *R. Co.*, 24 Penn., 378; *N. E. Ex. Co.* v. *Me. C. R. R. Co.*, 57 Me., 188; 2 Am , 31; *Bennett* v. *Dutton*, 10 N. H., 481; *Markham* v. *Brown*, 8 id., 523; *Mariott* v. *L. and S. W. R. Co.*, 8 E. C. L., 498.)

*Thos. Young* for the respondent. Plaintiff could not carry on his business on board defendant's vessel, without its consent. (2 N. Y. S. C., 598; Story on Bail., § 591, *a ;* § 497, note 3; *W. and P. R. R. Co.* v. *Miles*, 55 Penn., 209; *Burgess* v. *Clements*, 4 M. & S., 306, 314; *Fell* v. *Knight*, 8 M. & W., 269; *Comm.* v. *Powers*, 1 Am. R. Cas., 389; *N. J. St. Nav. Co.* v. *Mer. Bk.*, 6 How. [U. S.], 344; 23 Vt., 186.)

ANDREWS, J. It is the general duty of a carrier of passengers to carry all persons who offer themselves as passengers, provided there is room in the conveyance, upon being paid the usual fare.

The carrier however, may make reasonable rules and regulations for the conduct of his business, and when they are made known, passengers are bound to observe them. He may carry on, in connection with his business of carrier, any other business, and may use his property in any way he may choose to promote his interests, not inconsistent with the duty he owes to passengers. The vessel or vehicle which he uses is his own, and except to the extent to which he has devoted it to public use, by the business in which he has engaged, he may manage and control it for his own profit and advantage, to the exclusion of all other persons. For instance, the sale of books, papers, or refreshments, are common incidents to the business of a carrier by certain modes of conveyance, and the carrier may avail himself of the oppor-

tunity which his business gives him, to supply the special wants of travelers in these and other respects, and appropriate to himself the profits of the business and exclude third persons from entering the car or vessel to carry on the same business, in opposition to him. He may grant or refuse the privilege at his option. In this no right of a passenger is invaded. The passenger has the right to be carried and to enjoy equal privileges with others, or at least to be exempt from unjust or offensive discrimination in favor of other passengers. But he has no right to demand that in matters not falling within the contract of carriage, the carrier shall surrender in any respect, rights incident to his ownership of his property. So, also, a carrier may establish, for the convenience of passengers and for his own profit, on his car or vessel, an agency for the delivery of baggage of passengers, and exclude all other persons from entering, to solicit or receive orders from passengers, in competition with the agency established by him. This is in no just sense a monopoly. It is simply saving to the carrier a legitimate advantage which his position and business gives him.

These views are decisive of this case. The defendant did not refuse to carry the plaintiff as a passenger on its boat. The plaintiff sought passage for the purpose, among other things, of taking, while on the boat in his capacity of expressman, orders from passengers for the delivery of baggage. The defendant had placed an expressman on the boat for that purpose, a position which for two years before the plaintiff had occupied, and the defendant as is clearly inferable had a pecuniary interest in the business. The defendant refused to carry the plaintiff unless he would discontinue the business of expressman while on the boat. This we think the defendant was justified in doing. (Story on Bailments, § 591, *a;* Angell on Car, § 530 ; *Jenks* v. *Coleman*, 2 Sumn., 22.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.