SUMMITT *v.* THE STATE.

1. RAILROADS. *Rules and regulations for depot and other buildings.* A railroad company may make and enforce by its agents reasonable and necessary rules for the transaction of its business, and for the proper and orderly management of its depot and other buildings open to the public. These rules, however, must be reasonable and such as do not unnecessarily infringe upon the rights of the public and others having or carrying on business in connection with railroad traffic and travel.

2. SAME. *Same.* A regulation forbidding hackmen, peddlers, expressmen and loafers from coming within the passenger depot is reasonable.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county.   J. M. QUARLES, J.

T. W. WRENNE for Summitt.

ATTORNEY-GENERAL LEA for the State.

FREEMAN, J., delivered the opinion of the court.

This is an indictment and conviction for an assault and battery, but presents a question of some interest, not ordinarily found in such cases.

The defendant is a watchman with police powers, at the Nashville & Chattanooga Railroad Depot in the city of Nashville. That company has a regulation forbidding hackmen, peddlers, expressmen and loafers, from coming within the depot building. Placards are

posted in and about the depot announcing this fact. The proof, however, tends to show that a hackman who has a check for luggage of a passenger may enter the building for this purpose, and also that the prosecutor in this case, who was a hackman, had such a check, and exhibited it.

It was the duty of the defendant to see that the regulations of the company referred to were enforced.

The proof tends to show that defendant found prosecutor in the depot, probably at the room provided for passengers, endeavoring to induce a party to take his hack for the Louisville depot. It is claimed by the defendant's witnesses that prosecutor was doing this in a noisy manner. The defendant ordered him out of the depot, and on his refusal to go, forcibly ejected him from the building—some proof going to the fact that he struck him a blow with his walking stick. The defendant justifies his conduct by virtue of his authority to enforce the regulation referred to.

On this question his Honor, the criminal judge, charged the jury substantially: That if the prosecutor had a check for the baggage of a passenger then in the depot, and it was one of the rules of the company that the possession of such a check entitled the party as a hackman to go into the depot for the baggage, then he would have the right to go into the depot for that purpose and remain a reasonable time. But that, if from the evidence the prosecutor was in the passenger room and not where the baggage was, whether he was annoying a passenger or not, the defendant had the right, and it was his duty to re-

·quest him to go out of that particular room, and if prosecutor refused after being so requested, the defendant had the right to use all necessary force to eject him from that room alone, and in this would not be guilty of an assault and battery. But he charged further: "That on this state of facts, defendant would only have the right to put the party out of that room, and should then have permitted him to have gone to the proper place for the baggage; and if instead of doing this, he ejected him forcibly, not only from the sitting room, but from the depot building, and the prosecutor had lawful business in the depot, then defendant would be liable for this action."

It is settled law, that a railroad company may make and enforce by its agents reasonable and necessary rules for the transaction of its business, and for the proper and orderly management of its depot and other buildings open to the public. These rules, however, must be reasonable, and such as do not unnecessarily infringe upon the rights of the public, and others having or carrying on business in connection with railroad traffic and travel.

We see nothing from the facts found in this case, that renders the regulations of the company under consideration obnoxious to objection. We think, however, his Honor, the criminal judge, gave a correct statement of the law on the facts before him. If it was (as is not seriously controverted), the right of a hackman under the regulations to go into the depot to obtain the luggage of a passenger whose check he has, then it could not be that he had forfeited this

right, at the will of the watchman, as a penalty for departing from the strict line of his right, by going into the sitting room for passengers. In doing this, he was liable to be ordered out of this unauthorized place, and if necessary ejected from it. But it does not follow, that in the exercise of this right on the part of the watchman, he could go further and deprive the hackman of that which was his right, that is to procure the luggage for which he had a check. This is not to exercise a right on the part of the watchman, but to go beyond that and enforce a penalty, or forfeiture of another right, because of a violation of the rule of the company by a departure from his proper direction, or going into an unauthorized place temporarily.

All reasonable rules should be enforced and upheld by the law in favor of railroad companies; but at the same time, it is equally proper to restrict their agents and officials to the strict line of duty in carrying them out, in order to protect the public from arbitrary conduct on their part in the exercise of their legal rights. The watchman had the right to see that the proper regulation was not violated. When that violation was corrected, then the right of the other party to get the luggage was one of which he could not be deprived under the facts in this case—and such is the theory of his Honor's charge. In this we think he was correct, and affirm the judgment.