HUGH FLYNN, RESPONDENT, *v.* J. MONROE TAYLOR, APPELLANT.

*Obstruction of a sidewalk by the constant receipt and discharge of merchandise — right of an adjoining owner to prevent such use of the street.*

The owner and occupant of a piece of ground abutting upon a street in a city is entitled to have the street and sidewalk kept clear of all obstructions, except such as are reasonable and necessary under all the circumstances of the case.

An owner of land abutting upon a city street has not a right to keep his horses and wagons upon the sidewalk in front of his premises during the greater portion of the day, and thus compel the adjoining owners, and all others having occasion to use the sidewalk, to turn out into the street in order to get around such obstruction.

APPEAL by the defendant from a judgment rendered at the Kings County Special Term, and entered in the office of the clerk of that county on the 28th day of November, 1888, by which the defendant, his agents, servants and employees were enjoined from unnecessarily or unreasonably obstructing the sidewalk on the southerly side of Second street, in the city of Brooklyn, in front of the defendant's factory.

It appeared upon the trial that the defendant occupied at that time, and had for several years prior thereto occupied, a plot of ground on the southerly side of Sackett street, in the city of Brooklyn, between Van Brunt street and Ferry place, having about 140 feet frontage upon the street, on which there was a large factory; that defendant had erected in the street, in front of his factory, a platform, about ninety feet long and two feet ten inches in height, projecting into the street across the sidewalk about four feet and eight inches, and had maintained the same there for several years; that defendant used said platform for the purpose of loading and unloading merchandise therefrom and thereon, and had been for several years past in the habit of keeping his wagons for several hours each day, during such loading and unloading, standing upon so much of the sidewalk adjoining said premises as said platform did not cover. He also maintained a platform scales in the street, upon the sidewalk, in front of said building.

The plaintiff owned and occupied, and had since September, 1884, owned and occupied, a building and lot on the same side of the

street, about sixty feet west of the defendant's premises, where he carried on the retail liquor business.

The court found that the use of the sidewalk, as above stated, by the defendant, unnecessarily and unreasonably interrupted and interfered with the passage of the public along the same, and that the plaintiff had sustained damage by reason of such use thereof.

*De Witt C. Brown,* for the appellant.

*Josiah T. Marean,* for the respondent.

PRATT, J.:

The court below found, as matters of fact, that the defendant for several years unnecessarily and unreasonably interrupted and interfered with public travel upon the street and sidewalk in question, and that the plaintiff was specially damaged thereby, and these conclusions are sustained by the proofs. The plaintiff has a clear right to have the street and sidewalk clear of all obstructions, except such as are reasonable and necessary under all the circumstances. It is not reasonable that during a greater portion of the day the defendant should keep his horses and wagons upon the sidewalk, and thus make the plaintiff and all others having occasion to use the walk turn out upon the street in order to get around such obstruction The plaintiff is injured by having so to turn out in going to and from his place of business. Again, his place of business is so near to this place that it may well be inferred that custom may be diverted from his place by the inconvenience of his customers in having to pass such obstructions. In a case of such a glaring public nuisance it is not essential to prove great damage to warrant its abatement, but slight special injury is sufficient to give a plaintiff standing in court for redress. (*Callanan* v. *Gilman,* 107 N. Y., 360.)

The judgment is affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.