LUCAS ET AL. *v.* HERBERT ET AL.

[No. 18,127.   Filed May 21, 1897.]

RAILROADS.—*Depot and Grounds.—Hack Stands.*—Railroad com-
panies have the right to make and enforce reasonable rules and
regulations in regard to their stations and grounds, and may desig-
nate the stand that hacks and omnibuses shall occupy on such
grounds.  *p. 67.*

HARMLESS ERROR.—*Practice.*—No error was committed in sustaining
a demurrer to certain paragraphs of answer, where the same evi-
dence could be and was given under a remaining paragraph of
answer.  *p 68.*

From the Knox Circuit Court.   *Reversed.*

*G. W. Buff, W. R. Nesbit, W. S. Maple* and *W. H.
De Wolf,* for appellants.

*Briggs & Lindley* and *John S. Bays,* for appellees.

MONKS, J.—This action was brought by appellees,
to enjoin appellants from interfering with appellees
in the use of a certain part of the depot grounds of the
Evansville & Terre Haute Railroad Company, being
twenty-one feet north and south along the platform,
and twenty-eight feet running west from the platform.
Appellants filed three paragraphs of answer to the
complaint. Appellees' demurrer to the first and sec-
ond paragraphs of answer was sustained. A trial by
the court resulted in a finding, and, over a motion for
a new trial, a judgment in favor of appellees.

It appears from the evidence that appellants were
engaged in the livery business, and for several years
had been running a bus line to and from the depot
carrying passengers and baggage, and during all of

said time had occupied the part of the depot grounds in controversy, for the purpose of discharging and receiving passengers and baggage, and standing their buses and baggage wagons while awaiting the arrival and departure of trains. The part of the depot platform used by appellants was twenty-one feet in length, and wide enough to stand three buses or two buses and a baggage wagon. This space, twenty-one by twenty-eight feet, was leased to appellants by the railroad company for that purpose, at an annual rental of $15.00, the railroad company reserving the right to cancel the lease at any time. Appellants drove their baggage wagon and one or two buses, as the demands of travel required.

A short time before the commencement of this action, appellees engaged in the livery business, and began running a bus line to and from the depot for the carrying of passengers and baggage, driving one bus and a baggage wagon. There was a controversy between appellants and appellees as to the right to occupy the part of the depot grounds theretofore used by appellants; the railroad company and appellants offered to assign the north one-third of the space adjacent to the platform to appellees, being seven by twenty-eight feet, upon which to stand their bus, and receive and discharge passengers and baggage; this offer was refused by appellees, they demanding that the north one-half of the ground in controversy be assigned to them. Appellees offered to accept the space indicated, if appellants would only run one bus, this propositon was refused by appellants.

We are not required in this case to determine whether a railroad company can grant the exclusive privilege to one of several competing omnibus lines to occupy the depot grounds with its vehicles, and so-

licit the patronage of incoming passengers, or the exclusive right to use its platform and grounds for the receiving and discharging of passengers and baggage. These questions are regulated in some states by constitutional and statutory provisions; the decisions of the courts, however, are conflicting as shown by the following cases: *Old Colony R. R. Co.* v. *Tripp,* 147 Mass. 35, 17 N. E. 89; *Com.* v. *Carey,* 147 Mass. 40, 17 N. E. 97; *Com.* v. *Power,* 7 Metc. (Mass.) 596, 41 Am. Dec. 465, and note; *Barney* v. *Oyster Bay Steamboat Co.,* 67 N. Y. 301, 23 Am. Rep. 115; *New York Central, etc., R. R. Co.* v. *Flynn,* 74 Hun. 124, 26 N. Y. Supp. 859; *New York Central, etc., R. R. Co.* v. *Sheeley,* (Sup.) 27 N. Y. Supp. 185; *Smith* v. *Railroad Co.,* 149 Pa. St. 249, 24 Atl. 304; *Fluker* v. *Georgia R. R., etc., Co.,* 81 Ga. 461, 12 Am. St. 328, and note, 2 L. R. A. 843; *Harris* v. *Stevens,* 31 Vt. 79, 73 Am. Dec. 337; *Landrigan* v. *State,* 31 Ark. 50, 25 Am. Rep. 547; *Griswold* v. *Webb,* 16 R. I. 649, 7 L. R. A. 302, and note; *Barker* v. *Midland R. W. Co.,* 18 C. B. 45, 86 E. C. L. 45; *Hole* v. *Digby,* 27 Weekly. Rep. 884; *Painter* v. *London, etc., R. W. Co.,* 2 C. B. (N. S.) 701, 89 E. C. L. 701; *Beadell* v. *Railway Co.,* 2 C. B. (N. S.) 509, 89 E. C. L. 509; *Marriott* v. *London, etc., R. W. Co.* 1 C. B. (N. S.) 489, 87 E. C. L. 498; *Cole* v. *Rowen,* 88 Mich. 219, 50 N. W. 138, 13 L. R. A. 848, and note; *Hack and Bus Co.* v. *Sootsma,* 84 Mich. 194, 47 N. W. 667, 10 L. R. A. 819, 22 Am. St. 693, and note p 699; *Cravens* v. *Rodgers,* 101 Mo. 253, 14 S. W. 106; *Montana Union R. W. Co.* v. *Langlois,* 9 Mont. 419, 18 Am. St. 745, and note, 8 L. R. A. 753, and note; *Markham* v. *Brown,* 8 N. H. 523; *McConnell* v. *Pedigo,* 92 Ky. 465, 18 S. W. 15, 23 Am. and Eng. Ency. of Law, 126, and cases cited in note 3, pp. 126, 127.

The question here is, has a railroad company the right to designate the place abutting on the platform where the owners of competing omnibus lines shall stand their vehicles while awaiting the arrival and departure of trains, and where they shall receive and discharge passengers and baggage? It is settled that railroad companies have the right to make and enforce reasonable rules and regulations in regard to their stations and grounds, as to who shall enter upon the same, and how they shall conduct themselves while there. 19 Am. and Eng. Ency. of Law, 820; 23 Am. and Eng. Ency. of Law, 124, 126. . This includes the right to make reasonable rules and regulations to prevent quarrels between the owners of competing omnibus lines and their employes, while upon the depot grounds. For this purpose a railroad company may, if it admits omnibuses and hacks to its grounds, designate the stand each shall occupy, and thus prevent quarrels for place and other scenes of disorder. 23 Am. & Eng. Ency. of Law, 126, and cases cited in note 3. See, also, *Cole* v. *Rowen*, 88 Mich. 219, 13 L. R. A. 848. The arrangement offered by the railroad company gave appellees access to the depot grounds, and the privilege to receive and discharge passengers and baggage, and to stand their bus at the platform while waiting for the arrival and departure of trains. It may be that the position offered to appellees was not as favorable as the part left for appellants, for the reason that passengers alighting from the trains would pass the buses of appellants in going to appellees' bus, as all the buses would be backed against the same platform and stand side by side.

Be this as it may, the railroad company having the power to designate the place each should occupy, neither can complain that the best or most convenient location with reference to the depot or platform was

given to the other. It is clear, therefore, that the finding and judgment should have been for appellants.

It follows that the court erred in overruling appellants' motion for a new trial. The error, if any, in sustaining appellees' demurrer to the first and second paragraphs of answer, was harmless, for the reason that the same evidence could be and was given under the third paragraph of answer.

Judgment reversed, with instructions to sustain appellants' motion for a new trial, and for further proceedings in accordance with this opinion.