BOSTON AND ALBANY RAILROAD COMPANY vs. ERNEST
F. BROWN & another.

Worcester.    October 1, 1900. — October 18, 1900.

Present: KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Railroad — Station Grounds — Exclusive Privilege to solicit Passengers —
Trespasser.*

A railroad corporation may grant one the exclusive privilege of soliciting passengers to take carriages on its premises at its stations, and, after notice to another that he has no right to enter the premises or to remain there for the purpose of soliciting passengers to enter his carriages, each entry of the premises for that purpose is unlawful and subjects him to liability as a trespasser.

TORT, for trespass *quare clausum fregit.* The trespasses were alleged to have been committed on the premises of the plaintiff at its station in Westborough, between November 11, 1898, and April 21, 1899. Trial in the Superior Court, before *Gaskill,* J., who ordered judgment for the plaintiff for nominal damages; and the defendants alleged exceptions, which appear in the opinion.

*E. C. Bates,* for the defendants.

*F. P. Goulding,* for the plaintiff.

KNOWLTON, J. This was an action of trespass *quare clausum* for entering the premises surrounding the plaintiff's railroad station at Westborough. The defendant Brown was the owner of a livery stable, and for a long time he had been accustomed to carry passengers back and forth between the passenger station and the Whitney House, a hotel with whose proprietor he had a contract to carry guests of the hotel who might desire transportation to or from the station at the proprietor's expense. The defendant Russell was employed by Brown, and drove his carriage during the period referred to in the declaration. The judge who tried the case without a jury found that the defendants, on the days mentioned in the declaration, had a carriage at the plaintiff's station on the arrival of each train that stopped there, and that they usually carried passengers to the train from the Whitney House and other places. Fre-

quently they remained there to take passengers who had ordered the defendants to meet them. These things the judge held that they had a right to do. He found that they also remained there for the purpose of obtaining passengers who might desire to go to the Whitney House, and actually obtained them, the defendants and the said proprietor of the hotel not knowing who they were or whether there were to be any. Further facts were found as follows: " At each train the defendants, with their carriage upon the station premises and near where the trains stopped, remained ready and willing to take, and actually taking, any passengers who might be desirous of taking a carriage, and that such passengers had the right to believe, from the position of defendants' carriage and the apparent desire and willingness of defendants to transport them, that they were there for the purpose of obtaining and soliciting passengers."

Previously, in October, 1898, the plaintiff made a contract with one Newton, in which it granted him the exclusive privilege of soliciting passengers to take carriages on the plaintiff's premises at Westborough. The defendant Brown was at once notified of this contract, and was informed by the plaintiff that he must not solicit passengers on the plaintiff's premises. Some months afterwards a written notice to the same effect was given him by the plaintiff.

The law applicable to cases of this kind was stated by this court in *Old Colony Railroad* v. *Tripp*, 147 Mass. 35. The findings and rulings of the judge in regard to the carrying of passengers from the hotel to the station, and in regard to the waiting at the station for the passengers from whom the defendants had received orders to meet them, were in accordance with the law laid down in that case, and with the request of the defendants in the case now before us. After the notice given them the defendants had no right to enter the plaintiff's premises or to remain there for the purpose of soliciting passengers to enter their carriages. Each entry of the premises for that purpose was unlawful, and subjected them to liability as trespassers. Their implied license to enter for a lawful purpose was violated when they entered for an unlawful purpose, and they were left without protection from the consequences

of their unlawful act. The judge's finding for the plaintiff, under the facts disclosed, was in effect a finding that the defendants, by their conduct, were soliciting passengers as much as if they had used spoken words of solicitation. This finding was well warranted by the evidence.

The defendants, under the contract with the proprietor of the Whitney House, had no greater rights than if they had been acting solely on their own account. So far as they were originally representing this proprietor and acting in his right, the notice to Brown was equivalent to a notice to him.

*Exceptions overruled.*