### DONOVAN et al. v. PENNSYLVANIA CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1903.)

#### No. 917.

**1. RAILROAD STATIONS—USE BY HACKMEN—RIGHT OF COMPANY TO EXCLUDE.**
A railroad company is under no duty, as a common carrier, to permit hackmen to enter its stations for the purpose of soliciting business from its passengers, and therefore its granting of such right to one person or concern does not entitle others to equal privileges on the same terms.

¶ 1. See Carriers, vol. 9, Cent. Dig. § 29.

2. SAME—OBSTRUCTION OF ENTRANCE—INJUNCTION.

    A railroad company has a property right to a free and unobstructed entrance to its stations for its passengers and employés, and is entitled to protection in such right by injunction to restrain hackmen from continuously congregating upon the sidewalk around the doors of a station, for the purpose of soliciting business, in such numbers as to interfere with ingress and egress; but such an injunction should go no further than is necessary to protect complainant's private right of property, leaving any obstruction to the use of the street or walk by the public generally to be dealt with by the municipality.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

For opinion below, see 116 Fed. 907.

Richard J. Coney and Wm. Thompson, for appellants.

E. A. Bancroft and Frank J. Loesch, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge. The temporary injunction appealed from, entered at the suit of appellee, a railroad corporation organized and existing under the laws of Pennsylvania, commands appellants, citizens of Illinois, to desist (1) from soliciting the custom of incoming passengers for cabs, carriages, express wagons, and hotels within appellee's passenger station at Chicago; and (2) from congregating upon the sidewalk in front of, adjacent to, or about the entrances, and there soliciting the custom of passengers.

1. Appellee has a contract with the Parmelee Transfer Company under which two agents of the transfer company are stationed within the depot building to solicit the custom of passengers. Those appellants who are hackmen have continuously asserted the right, over appellee's repeated objections, to have two of their number enter the building to solicit custom, and have acted accordingly, and threaten to continue. Those appellants who are not hackmen claim no right to enter appellee's building for the purpose of plying their trades. The question on this branch of the case is the right of the hackmen to solicit business within the station, over appellee's protest. That appellee may exclude all hackmen is not denied. But it is insisted that appellee may not lawfully give an exclusive privilege to one hackman; that, by granting the privilege to one, it has waived its right of exclusion; and that its only remaining right is to promulgate and enforce reasonable rules and regulations under which all hackmen, without discrimination, shall be afforded equal facilities in soliciting patronage within the station. In support of this view (Montana Ry. Co. v. Langlois, 9 Mont. 419, 24 Pac. 209, 8 L. R. A. 753, 18 Am. St. Rep. 745; Cravens v. Rodgers, 101 Mo. 247, 14 S. W. 106; Kalamazoo Hack Co. v. Sootsma, 84 Mich. 194, 47 N. W. 667, 10 L. R. A. 819, 22 Am. St. Rep. 693; McConnell v. Pedigo, 92 Ky. 465, 18 S. W. 15; Lindsay v. Anniston, 104 Ala. 257, 16 South. 545, 27 L. R. A. 436, 53 Am. St. Rep. 44; Mississippi v. Reed, 76 Miss. 211, 24 South. 308, 43 L. R. A. 134, 71 Am. St. Rep. 528; Indianapolis Union Ry. Co. v. Dohn, 153 Ind. 10, 53 N. E. 937, 45 L. R. A. 427, 74 Am. St. Rep. 274; Pennsylvania Co. v. Chicago, 181 Ill. 289, 54 N. E. 825, 53

L. R. A. 223), as well as against it (Jencks v. Coleman, 2 Sumn. 221, 13 Fed. Cas. 442 [No. 7,258]; Barker v. Midland Ry. Co., 18 C. B. 46, 86 E. C. L. 45; Marriott v. London & S. W. Ry. Co., 1 C. B. [N. S.] 499, 87 E. C. L. 498; Beadell v. Eastern Counties Ry. Co., 2 C. B. [N. S.] 509, 89 E. C. L. 509; Painter v. London, B. & S. C. Ry. Co., 2 C. B. [N. S.] 702, 89 E. C. L. 701; Barney v. Oyster Bay Steamboat Co., 67 N. Y. 301, 23 Am. Rep. 115; Barney v. The D. R. Martin, 11 Blatchf. 233, 2 Fed. Cas. 892 [No. 1,030]; Old Colony R. Co. v. Tripp, 147 Mass. 35, 17 N. E. 89, 9 Am. St. Rep. 661; Commonwealth v. Carey, 147 Mass. 40, 17 N. E. 97; Fluker v. Georgia Ry. Co., 81 Ga. 461, 8 S. E. 529, 2 L. R. A. 843, 12 Am. St. Rep. 328; Griswold v. Webb, 16 R. I. 649, 19 Atl. 143, 7 L. R. A. 302; Smith v. N. Y. L. E. & W. R. Co., 149 Pa. 249, 24 Atl. 304; N. Y. Cent. R. Co. v. Flynn, 74 Hun, 124, 26 N. Y. Supp. 859; N. Y. Cent. Ry. Co. v. Sheeley [Sup.] 27 N. Y. Supp. 185; Brown v. N. Y. Cent. & H. R. R. Co., 75 Hun, 355, 27 N. Y. Supp. 69; Id., 46 N. E. 1145; Summitt v. State, 76 Tenn. 413, 41 Am. Rep. 637; Lucas v. Herbert, 148 Ind. 64, 47 N. E. 146, 37 L. R. A. 376; N. Y. R. R. Co. v. Scovill, 71 Conn. 136, 41 Atl. 246, 42 L. R. A. 157, 71 Am. St. Rep. 159; Snyder v. Union Depot Co., 19 Ohio Cir. Ct. R. 368; Kates v. Cab Co., 107 Ga. 636, 34 S. E. 372, 46 L. R. A. 431; Godbout v. St. Paul Union Depot, 79 Minn. 188, 81 N. W. 835, 47 L. R. A. 532; N. Y. Cent. & H. R. R. Co. v. Warren [Sup.] 64 N. Y. Supp. 781; Boston & Albany R. Co. v. Brown, 177 Mass. 65, 58 N. E. 189, 52 L. R. A. 418; Boston & Maine R. Co. v. Sullivan, 177 Mass. 230, 58 N. E. 689, 83 Am. St. Rep. 275; N. Y., etc., R. Co. v. Bork, 23 R. I. ——, 49 Atl. 965; Express Cases, 117 U. S. 1, 6 Sup. Ct. 542, 628, 29 L. Ed. 791; St. Louis Drayage Co. v. Louisville & Nashville R. Co. [C. C.] 65 Fed. 39), our attention is directed to a large number of cases.

The asserted right of the hackmen necessarily postulates a correlative duty on the part of the railroad company. The company owes the duty to all persons, without discrimination, to carry them on equal terms of service and compensation. As a common carrier of passengers, the company must provide facilities for the reception, carriage, and discharge of its passengers, and must establish rates which are available equally to all who desire to become passengers. But the company does not owe to its passengers the duty to provide on its trains the opportunities for them to purchase newspapers, books, fruit, and the like, or to employ the services of a stenographer or of a barber, or to buy cab or express tickets. Much less does it owe the duty to any one to permit him to pursue his vocation on the trains. And if not on the trains, then not in the station buildings. The relation of carrier and passenger continues not merely on the train, but within the station at the end of the journey. The right of way on which the trains run, and the lands on which the depots are built, were obtained and are held for purposes of the same general character.

The fact that the person who asserts the right to carry on his business for his own profit upon the trains or within the station buildings is himself a common carrier does not affect the question.

The railroad company is a common carrier of merchandise, but is not a common carrier of common carriers of merchandise. It owes no duty to express companies to haul their cars and safes and messengers. Express Cases, 117 U. S. 1, 6 Sup. Ct. 542, 628, 29 L. Ed. 791. If it owed the duty it would have to treat all alike. Owing no duty, it may engage, or not, as it pleases, in the business of serving express companies, and may choose the company, and name the terms that are acceptable to it. It may therefore contract against its own negligence in injuring express messengers (Baltimore, etc., Railroad Co. v. Voight, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560; Louisville, etc., Railroad Co. v. Keefer, 146 Ind. 21, 44 N. E. 796, 38 L. R. A. 93, 58 Am. St. Rep. 348; Pittsburgh, etc., Railroad Co. v. Mahoney, 148 Ind. 196, 46 N. E. 917, 47 N. E. 464, 40 L. R. A. 101, 62 Am. St. Rep. 503), though public policy forbids such exemption in the case of passengers (Railroad Co. v. Lockwood, 17 Wall. 357, 21 L. Ed. 627). Similarly, a railroad company is not a common carrier of common carriers of passengers. It owes no duty to sleeping car companies to haul their cars and clerks and porters, and may therefore exempt itself from liability for negligence. Russell v. Pittsburgh, etc., Railroad Co., 157 Ind. 305, 61 N. E. 678, 55 L. R. A. 253, 87 Am. St. Rep. 214. So, also, a railroad company is under no obligation to issue passes, and may therefore exempt itself from liability for negligence. Payne v. Terre Haute, etc., Railroad Co., 157 Ind. 616, 62 N. E. 472, 56 L. R. A. 472. Through all of these particulars, namely, the relations between railroad companies and news dealers, fruit venders, restaurateurs, hotel runners, hackmen, baggage agents, transfer companies, express companies, sleeping car companies, and pass holders, there runs one common principle: Whatever a railroad company does as a common carrier, it is compelled to do for all without discrimination. Whatever it may lawfully do outside of its obligations as a common carrier is a matter of favor. And by the term, favor goes not by right.

The true relations of the parties are the same, whether the suit be instituted by the one who seeks to participate in the favor, or by the railroad company that withholds it. No taint of uncleanness can justly attach to the complainant who asks protection in the possession of his own, on the ground that he declines to license the defendant to enter, though he licenses others. And if it were to be held that the granting of such favors was beyond the charter powers of a railroad company, appellants would not be helped. It is the part of the public authorities to restrain and punish ultra vires acts. No one can maintain that the law shall be violated with him as a particeps criminis because it is broken with another.

Appellee, a Pennsylvania corporation, comes into the federal courts, not on account of its citizenship, for it has none, but by virtue of the irrebuttable presumption that all of its stockholders are citizens of states other than Illinois. If it were to be conceded that the question now under consideration is one of local law, we would nevertheless feel free to act as we see the right, because we do not find that the Supreme Court of Illinois has decided the question. No statute is referred to that touches the question. No case is cited in which the Supreme

Court of Illinois has decided that hackmen have the right, over the objection of a railroad company, to ply their trade on trains and within stations unless all are excluded. In Pennsylvania Company v. Chicago, 181 Ill. 289, 54 N. E. 825, 53 L. R. A. 223, the company unsuccessfully prosecuted a suit and an appeal against the city to avoid an ordinance which established a hack stand in the street in front of a portion of the station. Certain hackmen were permitted to intervene and file an answer. They denied the invalidity of the ordinance, and asserted, in effect, that, since the company had leased ground owned by it, and situated near its passenger depot, to an owner of hacks for use in his business, it could not contest the right of the city to establish a hack stand in the street adjoining its property. But no claim was set up in the hackmen's answer, or adjudicated in the decree appealed from, that hackmen, under any circumstances, could compel a railroad company to permit them to carry on their business by soliciting patronage on the company's premises.

2. The main entrance to the station comprises three doorways, each five feet wide. Most of the thirty-odd thousand passengers a day go through this entrance. The building abuts upon the street. In the street, in front of the building, some distance from the entrance, is the hack stand established by the city ordinance. From 10 to 20 hackmen throughout each day have persisted in congregating about the entrance, to the material interference with the ingress and egress of passengers and railroad employés. The number has been swelled by the presence of baggagemen, hotel runners, and Parmelee agents. The Parmelee Company has no greater rights in the street and on the sidewalk than the others, and appellee has not undertaken to give it any. Every one who has an existing contract to deliver or receive a passenger has, through the passenger, the right of access and entry to serve the passenger. This the appellee concedes.

The title and the right of control of the streets for street purposes are in the city. If the streets are obstructed, the city should clear them. Appellee may not take upon itself the vindication of the city's or the public's rights. But to have a free and unobstructed entrance is a property right—an easement appurtenant to the abutting realty. From continuous infractions of that right, appellee is entitled to relief. Benjamin v. Storr, L. R. 9 C. P. 400; Lyon v. Fishmongers' Co., 1 App. Cas. 662; Fritz v. Hobson, 14 Ch. Div. 542; Jacques v. Natl. Exhibit Co., 15 Abb. N. C. 250; Hallock v. Scheyer, 33 Hun, 111; Flynn v. Taylor, 53 Hun, 167, 6 N. Y. Supp. 96; Callanan v. Gilman, 107 N. Y. 360, 14 N. E. 264, 1 Am. St. Rep. 831; Shook v. Cohoes, 108 N. Y. 649, 15 N. E. 531; Cohen v. Mayor, 113 N. Y. 535, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506; Flynn v. Taylor, 127 N. Y. 596, 28 N. E. 418, 14 L. R. A. 556; Porth v. Manhattan Ry. Co., 134 N. Y. 615, 32 N. E. 649; Carter v. Chicago, 57 Ill. 283; Field v. Barling, 149 Ill. 557, 37 N. E. 850, 24 L. R. A. 406, 41 Am. St. Rep. 311; Newell v. Sass, 142 Ill. 104, 31 N. E. 176; Hart v. Buckner, 5 C. C. A. 1, 54 Fed. 925; McDonald v. Newark, 42 N. J. Eq. 136–138, 7 Atl. 855; 2 Dillon on Munic. Corp. (4th Ed.) sec. 587b, 656a; 1 Lewis on Eminent Domain (2d Ed.) pp. 170 to 196; 1 Am. & Eng. Corp. Rep. 47, 1 Am. & Eng. Ency. of Law (2nd Ed.) 225, 238; Elliott on Roads

(2nd· Ed.) 761; Branahan v. Hotel Co., 39 Ohio St. 333, 48 Am. Rep. 457; Lahr v. Metropolitan El. R. Co., 104 N. Y. 268, 10 N. E. 528.

But a decree that enjoins appellants "from congregating on the sidewalk in front of, adjacent to or about the entrances, and there soliciting the custom of passengers," appears to us to be too broad. If the congregating created only a public nuisance, that would be the public's concern. The congregating that may be restrained in this suit of appellee is only such as interferes with the ingress and egress of passengers and employés.

Inasmuch as the decree, by its terms, is not limited to protecting appellee's private right of property, as above indicated, the second part thereof should be modified to restrain appellants "from congregating upon the sidewalk in front of, adjacent to, or about the entrances of appellee's passenger station in Chicago, and from there soliciting the custom of passengers, so as to interfere with the ingress and egress of passengers and employés"; and it is so ordered.