**Matters of THIRD AVENUE TRANSIT CORPORATION, Surface Transportation Corporation of New York, Westchester Street Transportation Company, Inc., The Westchester Electric Railroad Company, Warontas Press, Inc., Debtors.**

**Lester T. Doyle, as Trustee in Reorganization, Appellee,**

**Circle Line-Sightseeing Yachts, Inc., and Martin Killoran, Appellants.**

No. 216, Docket 23825.

United States Court of Appeals Second Circuit.

Argued Jan. 20, 1956.

Decided May 9, 1956.

---

Osborne A. McKegney, New York City (Shanley & McKegney, New York City, on the brief), for appellants-respondents.

Edward D. Burns, New York City (Saxe, Bacon, O'Shea & Bryan, and Stuart Riedel, New York City, on the brief), for trustee-appellee.

Before MEDINA, HINCKS and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

The facts out of which this controversy arose are simple. The appellee is the Trustee of an operating omnibus system which is in process of reorganization under the aegis of the court below. As such Trustee he and Day Line Sightseeing, Inc. entered into a contract, dated July 1, 1955, pursuant to which he agreed to permit, from July 1, 1955 to October 31, 1955, a representative of Day Line to board each of his westbound 42nd Street crosstown buses at Seventh Avenue and points west, for the purpose, during the remainder of the ride to Twelfth Avenue, of soliciting passengers for either Hudson River excursions or Around Manhattan Island trips and, "if legally proper," of selling tickets therefor. As compensation for this privilege, Day Line agreed to pay 15% of the regularly established price of each Hudson River excursion ticket sold on the buses or at the ticket office as a result of such solicitation, and 50¢ for each Around Manhattan Island trip ticket similarly so sold, with a guaranteed minimum monthly payment of $1,250. It may fairly be inferred that the Trustee's action in entering into this agreement was dictated solely by the necessity of tapping all potential sources of revenue in order to assist the debtor companies along the path of reorganization.

The appellants are Circle Sightseeing Yachts, Inc. and its employee, Killoran.

Circle is a competitor of Day Line. It did not have a similar contract with the Trustee. However, as soon as Day Line's representatives commenced their solicitation on the buses, Circle sent its representative, Killoran, onto the buses, where he, in competition with the Day Line representative, openly advertised Circle and solicited business for it. The Trustee notified both Circle and Killoran that advertising and solicitation on the buses was prohibited except when done under arrangement with, and in a manner approved by, him, and formally demanded that all such solicitation be discontinued. Appellants ignored this demand and continued the solicitation and advertising.

Thereupon the Trustee, on an order to show cause, sought injunctive relief. After hearing, Judge Dimock granted the relief sought and issued the order appealed from.

Absent valid prohibitions in the local law, a common carrier may use his vehicles and other property in any way not inconsistent with his obligation to provide transportation service to the public. More specifically, for his profit he may grant exclusive privileges to another to transact business thereon and may exclude third persons from entering thereon to conduct business without his license. Donovan v. Pennsylvania Co., 199 U.S. 279, 26 S.Ct. 91, 50 L.Ed. 192; Delaware, L. & W. R. R. Co. v. Town of Morristown, 276 U.S. 182, 194, 48 S.Ct. 276, 72 L.Ed. 523; Barney v. Oyster Bay & H. Steamboat Co., 67 N.Y. 301; Alexandria Steamboat Bay Co. v. New York Cent. & H. R. R. Co., 18 App.Div. 527, 45 N.Y.S. 1091; Brown v. New York Cent. & H. R. R. Co., 75 Hun 355, 27 N.Y.S. 69.

The appellants contend, however, that the Trustee's contract with Day Line subjects them to discrimination which is prohibited by § 60–a of the New York Public Service Law, McK.Consol.Laws, c. 48. We think it plain that § 60–a prohibits only discrimination in the discharge of the carrier's public transportation obligations and in no way restricts it in such exercise of its private proprietary rights as are consonant with its public obligations. A similar statute of the State was so construed in Alexandria Steamboat Bay Co. v. New York Cent. & H. R. R. Co., supra. Equally inapplicable is § 436–3.0 of the Administrative Code of New York City, which the appellants also invoke. That section makes it unlawful to solicit hotel or passenger patronage without a license "upon any street, public highway, dock or pier, or in any park or square, in the city, or upon any water adjacent thereto, over which such city has jurisdiction." It does not even purport to prohibit solicitation on public buses. Lastly, the appellants invoke a regulation under §§ B32–75.0 and B-32.80.0 of the Administrative Code of the city which provides that "Tickets for sightseeing tours shall only be sold in the premises of a duly licensed sightseeing ticket office." We are at a loss to understand how an order enjoining the appellants from selling tickets on the debtor's buses conflicts with this regulation which seems to prohibit what the court enjoined.

The appellants' further claim of error in the rulings below relating to their third separate defense and their proposed amendment thereof is supported neither by rational argument nor by citation of authorities. Having studied the defense as originally filed and the oral amendment thereof proposed at the hearing, we are satisfied that there is no substance to this claim of error. Equally untenable is the contention that the injunction granted was excessive in scope or erroneously granted for lack of showing of irreparable damage.

Affirmed.