JUDGE COEER
delivered the opinion of the court.
The • appellant having been elected to the office of sheriff of Kenton County at the regular biennial election in August, 1878, received a proper certificate of election, appeared in the county court of said county on the 20th day of January, 1879, that being the first day of the January term of said court, and tendered and offered to execute the bond required of him by law, and moved the court to accept his bond and to permit him to qualify as sheriff of Kenton County. His motion was overruled, and he applied to the Kenton Circuit Court for a mandamus to compel appellee, who is judge of the county court, to accept his bond and to permit him to qualify according to law. The circuit court refused the writ and dismissed the motion, and this appeal is prosecuted to reverse that judgment.
*645 It may aid in reaching correct conclusions briefly to consider the nature, object, anil scope of this proceeding.
Blackstone defines mandamus to be, in general, a command issuing in the king’s name from the Court of King’s Bench, directed to any person, corporation, or inferior court of judicature, within the king’s dominions, requiring them to do some particular thing therein specified, which appertains to their oflice and duty, and which the Court of King’s Bench has previously determined, or at least supposes, to be consonant to right and justice. (3 Com. 110.) The oflice of the writ is to compel the performance of a duty enjoined by law, and it can not be employed to compel the doing of an act which the person or officer has no legal right to do without the writ. It neither confers power nor imposes duty, but is a command to exercise a power already possessed and to perform a duty already imposed. (Johnson v. Lucas, 11 Humph. 306; State v. Judge, 15 Ala. 740; State v. Beloit, 21 Wis. 250.)
It must therefore appear upon every application for a mandamus that it is the legal duty of the respondent to do that which it is sought to compel him to do, and that he has upon proper application refused to perform that duty. (Moses on Mandamus, p. 204.)
Our Code declares that the writ of mandamus, as therein treated of, is an order of a court of competent original jurisdiction, commanding an executive or ministerial officer to perform an act,” or omit to do an act the performance or omission of which is enjoined by law. (Sec. 477.)
Whether any person other than an executive or ministerial officer is amenable to the writ, is a question of considerable moment, not now before us; but that it can only be employed to compel the performance of a duty enjoined by law is clear, whether we consider the Code as restricting the use of the writ to the classes of cases embraced by its provisions, or as merely declaratory, as to them, of the common law.
*646 Before the writ can go in this c$se two fundamental propositions must be established, viz: first, that the appellant, at the time he' tendered his bond, had a legal right to execute it; and second, that it is now the legal duty of the appellee to accept it.
The constitution provides that sheriffs shall, before they enter upon the duties of their office, give such bond and security as may be prescribed by law (sec. 9, art. 6), and that they shall enter upon the duties of their offices on the first Monday in January next succeeding their election. (Sec. 4, art. 6.)
The statute provides that sheriffs shall, on or before the first Monday in January next succeeding their election, enter into bond, to be approved by the county courts of their respective counties (sections 3 and 4, chapter 100), and that if any sheriff shall fail to execute bond within that time the office shall be declared vacant (section 12, chapter 81).
The appellant failed to enter into bond, or to offer to do so, within the time specified, and the county court entered an order reciting the fact and declaring the office vacant.
The effect of the omission to execute the bond within the prescribed time, and of the order of the county court declaring the office vacant, was much discussed at the bar.
For the appellant it was contended that he became sheriff on receiving his certificate of election, and that as the constitution prescribes two modes of removing a sheriff from office, impeachment and indictment, the legislature can not constitutionally authorize his removal in any other mode.
The appellee’s counsel contend that the appellant did not become sheriff upon being elected and receiving his certificate; that these were mere evidences of his right to become sheriff; and that he could only come into office by executing the bond required by the constitution and laws; and that the legislature had power to declare that the failure to give bond within the prescribed time should operate to vacate the office, and to *647 authorize the county court to ascertain the fact of such failure and to declare that a vacancy existed.
These questions are or may become very important, and are not free from difficulty, but we do not find it necessary to decide them in this case.
As we have already seen, mandamus can not be maintained unless there is a legal right in the appellant, and a corresponding duty imposed by law on the appellee.
If we concede that the office has not become vacant, and that the appellant still has a right, under the constitution, to execute a bond and to enter on the duties of the office, we must then inquire by what provision of the constitution or laws it is made the duty of the appellee to accept his bond.
The constitution does not designate the officer or tribunal before which the bond it requires shall be executed. That is left to be provided for by statute, and the only duty that the appellee is under in the premises is such as has been imposed by statute, and his duties must be measured by its provisions. It declares that sheriffs shall, on or before the first Monday in January next succeeding their election, give bond to the Commonwealth in form substantially as therein prescribed, and that “ the sureties in the bond must be good for the amount of all moneys, except what is payable into the state treasury, which will probably pass through the sheriff’s hands during his continuance in office. They shall be approved by the county court, and the bond taken by its clerk under its supervision,”-etc.'
This statute imposed on the county court the duty to accept a sufficient bond, on or before the first Monday in January. But does it impose the duty to accept the bond after that time?
We think not. The duty of the sheriff to execute the bond and the duty of the county court to accept it, are so connected as to exclude the idea that the duty of the one can be extended by the neglect of the other to perform his duty.
*648 The statute gave the appellant nearly five months in which to enter into bond, and in order to facilitate its execution it is made the duty of the county judge, on request of the sheriff, to call a special term at any time to receive his bond.
But all doubt and uncertainty upon this point are removed by section 12, chapter 81, which provides, among other things, that “ If a sheriff fail to execute his official bond on or before' the first Monday in January néxt after his election, the office shall be declared vacant.”
This provision manifests, as clearly as could have been expressed in words, that the legislature did not intend to impose on the county court the duty to accept the bond after the first Monday in January. It can not be possible that it was intended that an officer whose office was directed to be declared vacant should be permitted to execute an official bond after the act or omission which was to operate to create the vacancy.
The legislature intended that, for the failure of appellant to give bond on or before the designated time, his office should be declared vacant, and consequently could not have intended that it should be the duty of the county court to accept his bond after that time.
We do not overlook the fact that counsel claim that the provision quoted above from section 12, chapter 81, is unconstitutional, nor mean to decide that it is not. We refer to it merely to show that our construction of sections 3 and 4 of chapter 100 is correct, and that those sections do not make it the duty of the county court to accept the bond after the first Monday in January.
If the appellant is still entitled under the constitution to give bond, notwithstanding his failure to execute it within the time prescribed by that instrument, the right is incapable of being enforced.
As already said, the constitution does not make it the duty of the county court to accept the bond. That was left to be *649 provided for by the legislature, and that body having failed to impose on any one the duty to accept the bond after the first Monday in January, this court has no power to supply that omission in legislation, and by mandamus to compel an .officer to do an act not enjoined on him by law.
Wherefore the judgment is affirmed.