CASE 85—PETITION EQUITY—JANUARY 14.

## McConnell v. Pedigo & Hays.

APPEAL FROM BARREN CIRCUIT COURT.

RAILROADS—GRANTING OF EXCLUSIVE RIGHT TO STAND VEHICLES AT DEPOT.—A railroad company can not grant to one person— a common carrier—to the exclusion of all other persons engaged in a like business, the right to come upon its depot grounds with his vehicles for the purpose of receiving freight and passengers.

W. L. PORTER FOR APPELLANT.

1. The railroad company as a carrier owes no duty to one who is not a customer of it; and it has the right to control the use of its property so as to promote its own interests to the extent of denying the use of its property to one while granting the use of the same to another in matters wherein it owes no duty to the public. (Old Colony R. Co. v. Tripp, 147 Mass., 99; s. c. 9 Am. St. Rep., 661; Flecker v. Georgia R. & B. Co., 81 Ga., 261; s. c. 12 Am. St. Rep., 328; Barney v. Oyster Bay Co., 67 N. Y., 301; s. c. 23 Am. Rep., 115; Landrigan v. State, 31 Ark., 50; s. c. 25 Am. Rep., 547; Jenks v. Coleman, 2 Sum., 221; Commonwealth v. Powers, 7 Met., 596; s. c. 41 Am. Dec., 465; Harris v. Stevens, 31 Vt., 79; s. c. 73 Am. Dec., 337; Summitt v. State, 8 Lea,

92   465
f131   222

413; Johnson v. The C. R. & P. R. Co., 51 Iowa, 25; The A., T. & S.
F. R. Co. v. Denver & N. O. R. Co., 28 U. S., 291; Barker v. Midland
R'y Co., 86 E. C. L. R., 46; The R. D. Martin, 11 Blatch., 234.)

2. Even if the law prohibits the railroad company from making discrimi-
nations between persons who are not seeking its services as a carrier,
in the use of its depot ground, still appellants are entitled to the
relief prayed for, as the discrimination complained of is not an unrea-
sonable one. (Beadle v. Eastern R'y Co., 89 E. C. L. R., 509; Painter
v. L., B. & S. C. R. Co., 89 E. C. L. R., 701.)

GEO. T. DUFF AND THOMAS H. HINES FOR APPELLEES.

The railroad company had no right to grant to appellant, McConnell, to
the exclusion of all other persons, the right to come upon its grounds
with his vehicles to receive freight and passengers. (Opinion of Judge
Pryor refusing to reinstate injunction in this case; Montana Union
R'y Co. v. Langlois, 9 Montana, 419; s. c. 18 Am. St. Rep., 745; dis-
senting opinion of Justice Field in Old Colony R. Co. v. Tripp, 147
Mass., 35; s. c. 9 Am. St. Rep., 661.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case comes from the Superior Court. The Louis-
ville & Nashville Railroad Company, by contract, agreed
to give to McConnell the exclusive privilege of standing
hacks at the platform of its depot in Glasgow, in consid-
eration that McConnell would carry the mails from the
depot to the post-office in that town, the railroad company
under its contract with the Government being compelled
to deliver the mail on schedule time. The privilege is con-
fined to the exclusion of all other public hacks or vehicles
from the hotels of the town. The contract was being ex-
ecuted by McConnell when the defendants, Pedigo & Hays,
undertook to transport passengers to and from the depot
and claimed the right to stand their hacks on the ground
near or at the depot, when in doing so they did not in-
terfere with the business of the railroad company. The
result was an injunction enjoining the defendants from
interfering with the rights of McConnell under his con-
tract with the railroad company, and the injunction being

McConnell v. Pedigo & Hays.

dissolved and the action dismissed the case is brought to
this court.

There is no testimony whatever showing that the hacks
of the defendants or their drivers interfered in any way
with the employes of the railroad in the discharge of their
business, and the sole question arises: Has the company
the right to grant such an exclusive privilege? The
hacks of the defendants do not stand at or near the depot
where the mails are received by the plaintiff. Their driv-
ers do not annoy the passengers by soliciting their custom
or taking charge of their baggage, but stand with their
hacks ready to receive passengers who desire to be carried
to the hotels or other places in the city; and the only
ground for the injunction is, that it lessens the profits of
the plaintiff, under his agreement with the railroad com-
pany. It is difficult to define the extent of the power of
railroad corporations in prescribing rules and regulations
for the conduct of their business. They have the right
to protect the company and its employes from such im-
position and annoyance as interfere with the discharge of
their duties. No employe should be obstructed in the
discharge of his duty when controlling the trains or in
charge of the depot and its grounds. Crowds of persons
who have no business on the platform and who go from
curiosity to see the trains arrive and depart may be re-
quested to leave, so as to give proper ingress and egress
to those who have the right to be on the platform. The
company may enclose its platform and permit no one to
enter except those who have business with the company,
or desire to travel on the cars. The passengers with their
baggage may be required to enter the omnibus or hacks
outside of the depot platform if deemed necessary for the

successful and convenient conduct of the business, but a regulation that does not pertain to their business, or that discriminates by driving from their depots those who are engaged in a public employment and whose duty it is to provide for their guests and the traveling public, resulting in a monopoly of the particular business, is unauthorized by its charter and in palpable violation of the rights of others. The hotel keeper has the right to have his hack at the depot convenient for those who may desire to patronize him, and the railroad company in undertaking to say that no one shall approach the depot for that purpose except those it may select is going outside of its charter, and regulating the business of others over whom they have no control.

This is not a continuous line of transportation, where the obligation is with the company to transport the passengers from the terminus of its railway to some other road, under a special contract, nor is the plaintiff operating under the charter of any transfer company that gives him any peculiar privileges by reason of the public service he undertakes. The company has undertaken for a monied consideration, or services equivalent thereto, to control the carrying of passengers from its depot to the hotels of the city, and if this power is recognized as being within what is termed a reasonable regulation in the conduct of its business, the company can deny to any one carrying for hire the right of access to its depot for passengers and freight, and thereby monopolize the entire business of transporting passengers and freight to their proper destination within the city or town where the depot may happen to be located.

The case of Barker v. The Midland Railway Co., re-

McConnell v. Pedigo & Hays.

ported in 86 English Common Law Reports, 46, is referred
to as sustaining the exercise of such a power on the part of
a railroad corporation.   There it was held that an omni-
bus proprietor carrying passengers for hire to and from a
station could not maintain an action against the company
for refusing to allow him to drive his vehicle in the station
yard.   It may have been that the freight was taken from
the station yard in that case and delivered to the carrier
on the outside, and the passengers required to enter the
omnibus after leaving the station yard.   The whole may
have been enclosed, as is the case in many of the large
cities, for the protection of the freight and passengers, but
the facts here present no such case.   In the case referred
to, the exclusion of the carrier was based on the ground that
the plaintiff was seeking to appropriate the private prop-
erty of the railway company for his own benefit, and he was
in fact a trespasser unless he desired to use the railway
for the purposes contemplated by the company.   Cases
have been cited by counsel sustaining the right of the
corporation to make such a contract, as in this case, to
the exclusion of all others.

In Old Colony Railroad Co. v. Tripp, reported in 147
Mass., 35, and also in 9 Am. St. Rep., 661, the right of a
railway company to grant to one person the exclusive
right of coming upon its grounds to take baggage or
merchandise was upheld, and the facts of that case in most
of its features are similar to the case being considered.
The Chief Justice and two of the associate judges dissented
from the opinion of the majority, and said that such a
regulation would tend to establish a monopoly not granted
by the charter, which might be solely for its own benefit,
and not for the benefit of the public.   It is true there was

McConnell v. Pedigo & Hays.

a statute of that State requiring, "that every railroad should give to all persons or companies reasonable and equal terms and facilities, and accommodations for the transportation of themselves, their agents, and of any merchandise upon its railroad, and for the use of its depot and other grounds;" still it is evident the dissent by the minority of that court proceeded upon the idea that the public had an interest in the question, and that to give to the railway company the exclusive right to say what persons should come upon its grounds to receive passengers and freight would not only create a monopoly, but subject to great inconvenience those who travel and have freight transported over its road.

It is saying to the passenger you can enter the hack of McConnell on the depot grounds and be carried to any part of the city of Glasgow, but if you want to ride in any other public conveyance you must leave our grounds to find one. McConnell may charge fifty cents for carrying, while the others are willing to carry for half price, still as the first charge is reasonable you must submit. Such a contract prevents competition and makes such a discrimination as is unreasonable and detrimental to the public. There is no obligation on the company to take the passenger or his freight from the depot, but still it is insisted that the railway company has the right to name the party that shall carry him, to the exclusion of all others. The passenger, under this contract between the railway company and McConnell, may want to ride in defendants' hack, still the latter is not allowed to enter the grounds, but the passenger must be subjected to the inconvenience of leaving the grounds of the company to obtain the vehicle in which he prefers to ride. It is con-

ceded that the passenger in a hack not belonging to Mc-Connell may be driven at the usual place of leaving the hack and entering the car, but it is then insisted that this hackman must leave the grounds, take his position outside and when the passenger returns the latter must go to him, and not the hackman to the passenger, and for no other reason than the fact of this contract giving the exclusive privilege to McConnell. It is admitted that there is no interference with the delivery of the mail or with any regulation for the conduct of the company's business, and the ground for the injunction is based on the idea that although the railway company has terminated its contract with the passenger by delivering him safely at its depot, it still has the right to carry the passenger from the depot to his home or the hotel, or can give the exclusive right to another. We can not assent to such a doctrine.

This entire question is well discussed and decided in the case of Montana Union Railway Co. v. Langlois, 9 Mont., 419, where a like privilege was attempted to be conferred on Lavell Brothers, and it was held that it was not such a regulation as the carrier had a right to make. (Same case, 18 Am. State Reports, 755.)

In that case there was a statute preventing a discrimination in the transportation of freight or passengers, but regardless of the statute, as the court would no doubt have adjudged in that case, the public interest requires that no such control should be exercised by any corporation transporting passengers or freight.

There is no question here affecting the safety or comfort of passengers at this depot, but there arises from this contract, if enforced, an inconvenience to the passenger

.and the public that the company has no power to create, either by the provisions of its charter or for the reason that it is the owner of the property on which the depot stands, and the court below properly dissolved the injunction. The judgment is affirmed.