CASE 99—ACTION BY E. M. WOOTEN AND OTHERS AGAINST LESLIE
COUNTY AND OTHERS FOR A MANDAMUS TO COMPEL THE COUNTY
TO REPAIR A PUBLIC BRIDGE.—JUNE 9.

# Leslie County and Others v. Wooten and Others.

APPEAL FROM LESLIE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

COUNTIES—TOWNS—BRIDGES—STREETS—COUNTY ROAD—DUTY TO RE-
PAIR—MANDAMUS.

Held: 1. A city of the sixth class, having no streets or sidewalks, was intersected by a couple of county roads, on one of which, within the city limits, was a bridge constructed partly by subscription and partly by the county, but maintained by the county. HELD, that the bridge was a part of the county road, and it was the duty of the fiscal court, and not of the city, to replace it on its destruction.

2. Under Kentucky Statutes, 1899, section 1840, authorizing the fiscal court "to erect and keep in repair" bridges and other structures," and section 4345, empowering the county judge to erect or repair bridges in cases of emergency, but requiring that, in case an expenditure of more than a certain amount was required, he should call together the fiscal court, "and it shall be their duty to make immediate provision for the emergency," mandamus would lie to compel the fiscal court to erect a bridge on a county road on its destruction, the matter being one of plain duty.

J. L. DIXON AND H. C. EVERSOLE, ATTORNEYS FOR APPELLANTS.

1. In this case the fiscal court properly refused the application to rebuild the bridge because the location was wholly inside the incorporate limits of the town of Hyden because it had no jurisdiction inside of said incorporation. See Kentucky Statutes, section 3706, which gives to towns of the sixth class full power over the sidewalks, curbing, avenues, highways and sewers and public places of the town.

2. Because the fiscal court can not allot hands and compel them to work on the public highway when they reside inside of the incorporate limits of the town. See section 4308, Kentucky Statutes.

Leslie County and Others v. Wooten and Others.

3. The discretion confided to a fiscal court in regard to the finances of a county and the appropriation of money for public or county purposes can not be controlled by a higher tribunal and the assumed power to so do in this case is absolutely void. See 88 Ky. Crittenden County Court v. Shanks, p. 475.

4. Because the fiscal court of a county is in effect a legislative board invested with the power by law of making appropriations in cases where the needs of the county require it and it is beyond the power of a judicial tribunal to interfere and determine what improvements should be made and the extent of the expenditures necessary. Even the fiscal court may neglect to do its duty and fail to make appropriations to improve the public highways or build bridges in its county yet its action can not be controlled by a higher tribunal. See Highbaugh, &c., v. Hardin County, 99 Ky., 16.

J. M. BICKNELL AND JAS. H. JEFFRIES, ATTORNEYS FOR APPELLEES.

The question to be considered is, whether the circuit court had jurisdiction to award a mandamus in this case.

It is admitted that while mandamus can not control judicial discretion it is the proper remedy to compel the performance of a ministerial duty.

The record in this case shows these facts: (1) That the public road running through the town of Hyden was established by Leslie county many years ago; (2) that the bridge thereon was built by said county; (3) that said road was widened by the county along the public square; (4) that the county rebuilt the bridge in 1895 and at one time repaired it; (5) that the county made the road bed that leads to the bridge; (6) that the county appointed surveyors over said road continuously until May, 1899, leading up to and across said bridge; (7) that at the point where the bridge is there is no way of crossing the creek, horseback or on foot, without a bridge. And so we contend that although said bridge is 'nside the corporate limits of the town of Hyden, which is a small town and unable to repair it, and having been built by the county and now and always being used by the people of the county in traveling the public highway it is the duty of the county to keep it in repair as a part of the highway.

### AUTHORITIES CITED.

Civil Code, sec. 477; Page v. Hardin, 8 B. M., 651; Anderson Co. v. Stone, 18 B. M., 848; Com. v. Boone, 82 Ky., 632; Crittendon County Court v. Shanks, 88 Ky., 475; Highbaugh, &c.,

v. Hardin County, &c., 99 Ky., 16; Cassidy, Auditor's Agent, v. Young, 99 Ky., 227; Hammar, et al., v. City of Covington, 3 Met., 494; Amer. & Eng. Ency. of Law, 1st ed., vol. 14, pp. 205, 209; Ky. Stats., secs. 1840, 2825, 2832, 3058, 3094, 3290, 3449, 3561, 3583, 3643, 3706, 4287, 4306 and 4345; 7 Bush, 599; 11 Bush, 18 and 527; 14 Bush, 642; 79 Ky., 267; 82 Ky., 633; 85 Ky., 177.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

The appellees, who are citizens and taxpayers of Leslie county, Ky., instituted this action in the Leslie Circuit Court, in their own behalf, and in behalf and for the benefit of all the other residents and citizens of the county, to obtain a judgment awarding them a writ of mandamus against the appellants, Leslie county and the members of the fiscal court thereof, to compel them to repair a bridge constituting a part of one of the public highways of the county. The facts are these: The city of Hyden, the county seat of Leslie county, is a city of the sixth class, and contains about 300 inhabitants. It is situated at or near the point where Rockhouse creek empties into Middle Fork of Kentucky river. The city lies on both sides of Middle Fork and of Rockhouse creek. It has no streets or sidewalks, but there are two county roads running through its corporate limits, intersecting each other. One of these roads, running from north to south, crossed Middle Fork, within the limits of Hyden, by means of a bridge. This bridge, which was built some years ago, partly by private subscription and partly by a donation from the fiscal court, was, prior to the institution of this action, swept away by high water; thus depriving the citizens of the county and the traveling public of a safe and convenient mode of crossing the river, and making the highway at this point practically useless. The attention of the members of the fiscal court was called to the destruction of the bridge and the necessity of its being rebuilt, but they refused to take any

steps toward remedying the difficulty, and declined even to entertain a proposition so to do, assuming the position that it was the duty of the city of Hyden to rebuild the destroyed bridge; and the question whether it is the duty of the fiscal court, or the authorities of the city of Hyden, to rebuild the bridge, is the principal issue in this case.

For the appellants it is contended, first, that the charter of cities of the sixth class puts all the highways and bridges within their corporate limits under the exclusive charge and control of the municipalities; and, second, that mandamus will not lie against the fiscal court to require them to act in a matter such as is inolved in this litigation.

A question precisely similar to the one here involved arose in the case of Trustees of Elizabethtown v. Hardin County Court (MS. opinion filed Feb. 9, 1877). In that case, a bridge, which was within the corporate limits of Elizabethtown, and which constituted a part of one of the county roads running into the municipality, had become out of repair, and the trustees of the city instituted an action against the county court of Hardin county to compel them to repair the structure. The lower court dismissed the bill. Upon appeal this court said: "Regarding the county court as controlling the road, like any other public highway in the county, it is still certain from the admitted facts that this bridge is indispensable for public use, or at least made necessary by the wants of the public. It is on the principal thoroughfare traveled by one portion of the inhabitants of the county in going to and returning from the county seat and the railroad depot. It is a bridge constructed on a highway, seventy feet long and essentially a county bridge. The county court is required by statute to erect such structures on its public ways when required for public use. The citizens of the

town are taxed to aid in building all such bridges erected in the county, and, when called on by the tax gatherer, must contribute in the same proportion with the citizens living outside the town limits. The citizens of the town bear the burden in common with the citizens of the county. If this town was an independent municipality, having no burdens to bear in the way of taxation, in common with the people of the county, for county improvements, then it might be well argued that the town should make all the improvements within its limits. While the town must keep its streets and alleys in repair, it can not be said that such a structure as this is to be regarded as a part of the street, for the purpose of compelling its population to rebuild or repair it. It is within the county as well as the town limits, and is that character of improvement required to be made by the county court when the necessities of the public demand it." In the case at bar, the evidence shows the incapacity of the city of Hyden to meet the emergency with which it is confronted. It also shows that it has never taken charge of the county road, of which the bridge in question constituted a part, or done any work thereon. On the contrary, it appears that the fiscal court has heretofore ordered all the work which has been done in keeping this road in repair, and for this purpose has appointed overseers year after year. Under the authority above cited, we have reached the conclusion that the bridge constitutes a part of the county road, and that it is the duty of the fiscal court to rebuild it.

We come now to a discussion of the question as to whether or not mandamus is the proper remedy for the enforcement of this duty. Section 1840 of the Kentucky Statutes of 1899 is as follows: "The fiscal court shall have jurisdiction to appropriate county funds authorized by law to

be appropriated; to erect and keep in repair the necessary public buildings, secure sufficient jail, and a comfortable and convenient place for holding court at the county seat; to erect and keep in repair bridges and other structures, and superintend the same. . . ." Section 4345 provides: "In case of emergency, the county judge may have any bridge (kept up by the county) repaired, or a new one built; but he shall make no contract for such work or for any work on any bridge exceeding five hundred dollars, without first calling together the fiscal court and laying the matter before them; and it shall be their duty, in such cases, to make immediate provision for the emergency." Assuming that the bridge in question was part of the county road, as we think the evidence establishes, it was clearly the duty of the fiscal court to provide for the emergency arising from its destruction. The case of Commonwealth v. Boone County Court, 82 Ky., 632, 6 R., 755, involved a question similar in principle to the one at bar. In that case a mandamus was sought to compel the levy court of Boone county to build a new bridge. The court met pursuant to the order of the circuit court, and decided that the bridge was not necessary. Upon appeal this court held that the question of building the bridge was one reposed in the discretion of the county levy court, and that this discretion could not be controlled by mandamus. The difference between the case cited and the one at bar lies in the matter of discretion. As to the new bridge, the law conferred upon the county levy court a discretion, but as to the repair of an old bridge the language of the statute is peremptory. The opinion in the case cited fully recognized the right of the circuit court to control the inferior tribunal in a matter involving, not a discretion, but a plain duty. In the opinion it is said: "If an inferior tribunal has a discretion, and proceeds

to exercise it, then its discretion should not be controlled
by mandamus; but if the subordinate public agent, whether
it is vested with both judicial and ministerial functions,
or only with the former, refuses to act in any way, or
entertain a question as to which it has a discretion, and
which the law has enjoined upon its consideration, then,
obedience to the law should be enforced by mandamus,
and the agent compelled to act, if there is no other legal
remedy; but in such a case its discretion or judgment must
be left free to act, and can not be controlled in a particu-
lar direction. The performance of a plain, positive duty
may be compelled by mandamus; but, where there is a
discretion as to the result that may be arrived at, it can
not be controlled." In the case of Montgomery County v.
Menefee County Court, 93 Ky., 33, 13 R., 891, 18 S. W.,
1021, it was held that a writ of mandamus would issue
against the members of the county court to compel the
levying of a tax which ought to have been levied, and
that the levying of the tax was a plain ministerial duty.
In the case of the County Court of Warren v. Daniel, 2
Bibb, 573, it is said: "It (mandamus) is a proper remedy
to compel an inferior court to adjudicate upon a subject
within their jurisdiction, where they neglect or refuse to
do so; but, where they have adjudicated, the mandamus
will not lie for the purpose of revising or correcting their
discretion." In the case of Anderson County Court v.
Stone & Son, 18 B. Mon., 848, which involved the right
to require the county levy court to levy a tax and pay for
a bridge built under their order, the court said: "The first
question to be considered is whether the circuit court has
jurisdiction to award a mandamus in a case like the pres-
ent. It is contended on the part of the appellant that the
law on this subject has been changed by the Code of Prac-

tice, and that now, under operation of section 526 of the Code, such a writ can only issue against an executive or ministerial officer, and not against an inferior judicial tribunal. It must be recollected, however, that the members of the county court, in contracting for the building of bridges, and in laying a levy to pay for the work, are acting ministerially, and not in a judicial capacity, and are therefore expressly embraced by the provisions of the Code. Consequently the jurisdiction of the circuit court to hear the application and to award the writ, if it were authorized by the testimony was unquestionable." In the case of Hammar v. City of Covington, 3 Metc., 494, an action had been instituted for a mandatory injunction against the municipality, to require it to repair the public highways alleged to have been allowed to fall into ruin and decay. The court held that it was the duty of the municipality to keep the streets and highways in repair, and that the relief sought should have been granted. Section 4345 requires, in the case of an emergency like the one involved here, that the county judge shall call together the fiscal court, and lay the matter before them, and then it shall be their duty to make immediate provision for the emergency. Here the bridge had been swept away by a flood tide, and the use of the highway rendered both unsafe and inconvenient. The matter had been properly brought to the attention of the fiscal court, and they had refused to perform their plain duty in the premises, as pointed out by the statute.

The circuit judge, upon the facts shown, properly awarded a writ of mandamus. Wherefore the judgment is affirmed.