CASE 83.—AGREED CASE BETWEEN NELSON COUNTY AND THE CITY OF BARDSTOWN AS TO WHETHER THE CITY OR COUNTY SHALL MAINTAIN A CERTAIN BRIDGE AND TURNPIKE LYING WITHIN THE CITY LIMITS.—February 20.

## Nelson County v. City of Bardstown

Appeal from Nelson Circuit Court.

C. T. ATKINSON, Special Judge.

From the judgment the county appeals. Reversed.

1. Municipal Corporations—Maintenance of Street—Highway Bought by County.—Where a county buys all the turnpikes in the county, under the free turnpike act (Ky. Stats., 1903, section 4748b), the part of one lying within a city must be maintained by it, as a public way thereof, though it has not exercised control over it.

2. Bridges—Maintenance—Liability of County and City.—Where a part of a turnpike within a county, bought by it under the free turnpike act (Ky. Stats., 1903, section 4748b), is a bridge, over a creek, the thread of which is the dividing line between a city within the county and the rest of the county, the entire expense of maintaining the bridge, which is entirely outside the settled part of the city, and is unnecessary for city purposes, and is essentially a county bridge, being required only for the travel to and from the county, is on the county.

NAT. W. HALSTEAD county attorney, and F. E. DOUGHERTY, attorneys for appellant.

Nelson County v. City of Bardstown.

AUTHORITIES CITED.

21 Ky. Law Rep., 196, 1634; Ky. Statutes, sec. 1851; Redfield on Negligence, 5th Ed., sec. 394; 25 Ky. Law Rep., 217.

REDFORD C. CHERRY, attorney for appellee.

POINTS AND AUTHORITIES.

1. It is the legal duty of the county to maintain all highways and bridges within such county, including all bridges and roadways within the cities which are not dedicated or used as streets for the convenience of the citizens thereof, except where such roadways are placed under the exclusive control and management of the city. (Kentucky Statutes, sec. 4748b; Kentucky Statutes sec. 4302.)

2. By charter of cities of the first, second, third and fourth classes of Kentucky, exclusive control of all roadways within the corporate limits is given to the city; while by charters of the fifth and sixth class cities a mere discretion to repair such avenues is given, which discretion cannot be controlled. (Sec. 3643, Ky. Stats., (charter 5th class cities); sec. 3706, Ky. Stats., (charter 6th class cities); sec. 3560, Ky. Stats., (charter 4th class cities); Trustees, &c., v. McNabb, 23 Ky. Law Rep., 811; Danville v. Fiscal Court Boyle County, 21 Ky. Law Rep., 196.)

3. The roadway and bridge in controversy having been acquired by appellant county in the year 1898, and since said time having been maintained by the county by taxation of the citizens thereof, both within and without the city, and said roadway, although within the city, being around a precipitous bluff, is not now, and never can be used as a street, and is not now and never can be used for the convenience of the citizens of the municipality, and therefore, the legal duty devolves upon the county to keep same in repair. (Leslie County v. Wooten, 25 Ky. Law Rep., 217.)

4. When all county highways and bridges in the county are maintained by taxation, as in the case at bar, and the citizens within the city contribute equally and in common with the people of the county towards the maintenance of such highways, it would be very inequitable and unjust to require the citizens of the city to exclusively maintain a bridge or highway which is not used for the convenience of the citizens of the town but for the convenience of the people of the county. (Leslie County v. Wooten; Trustees of Town v. Hardin County (MS. opinion filed February 9, 1877.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The fiscal court of Nelson county under the free turnpike act (Ky. Stat., 1903, section 4748b), acquired all the turnpikes in the county by purchase some years ago.  One of these pikes leading into the city of Bardstown from the east runs from Bloomfield to Bardstown, and another from Springfield to Bardstown.  The eastern boundary of the city of Bardstown from a point on the Town Fork of Stuart's creek, and the south edge of Duke street, is as follows: ''Thence up said Town Fork of Stuart's creek, with its meanders, to a point opposite the terminus of the Bardstown branch of the Louisville and Nashville Railroad.''  The two pikes come together at a point 30 yards east of the creek referred to, and run thence as one road into the city, crossing the creek over a bridge.  The bridge was built and maintained by the turnpike companies, and they also constructed and owned the pike from the bridge for some distance to its intersection with one of the streets of the city. This is an agreed case filed by the city of Bardstown and the county of Nelson to obtain a judicial determination as to whether the city or the county shall maintain so much of the turnpike and bridge as lies within the city limits.  As to the turnpike the rights of the parties are determined by the case of Board of Council of Danville v. Fiscal Court of Boyle County, 106 Ky. 608, 51 S. W. 157, 21 Ky. Law Rep. 196.  In that case, after quoting the various provisions of the statutes, we said: ''Construing all these statutory provisions together, we think they mean simply that the turnpikes, when purchased by the fiscal court, become public highways; the part lying within the city,

being a public way, should be controlled by the city, and the part without the city, falling within the fiscal court's jurisdiction, should be controlled by it. Any other construction would create great confusion. To illustrate: Suppose the fiscal court undertook to keep the pike in repair, and, after it had fixed it as it thought best, the city council should conclude that the interests of the city require it should be fixed differently; it is very clear that, if the fiscal court has the power to control, it could require the city council to leave the way as it had fixed it, however much this might be to the detriment of the city. The city might require a vitrified brick pavement, or a smooth asphalt, when the fiscal court might think that rough cobblestones were much to be preferred. Or, again, suppose the boundary of the city as now located includes no part of one of these pikes, and it should be extended so as to take in a mile of it 10 years from now; why should the mile of pike so taken in stand differently from any other county highway taken into the city by the extension of the boundary? Or, if a new town should be located on one of these turnpikes 20 years from now, why should not the part of the turnpike in the town used as a street stand just as any other county highway taken in its boundary.''

It is insisted that that case is not in point, for the reason that Danville is a city of the fourth class, and by section 3560, Ky. Stat., 1903, the public ways of a city of the fourth class are under the exclusive management and control of the city. But the reasoning of the court is applicable to all cities and towns. In 2 Smith on Municipal Corporations (section 1277), it is said: ''A street is a road or public way in a city, town, or village, and the purpose for which it is laid out and made use of determines its character.'' Section 3643, Ky. Stat., 1903, governing cities of the fifth

class, provides: "The city council is hereby author-
ized and empowered to order any work they deem
necessary to be done upon the sidewalks, curbing,
sewers, streets, avenues, highways, and public places
of such city. The cost and expense incurred in con-
structing or repairing streets, avenues, highways,
sewers, and public places shall be paid out of the
general fund of the city." The power of the city
council over its streets and public ways under this
statute is broad enough to include everything made
necessary for the sufficiency of the public ways for
the purposes of travel, and, while the statute does not
use words declaring the power of the city council
exclusive, the necessary effect of the statute is the
same as if such words had been used. We therefore
conclude that the burden is upon the city, and not
upon the fiscal court, to maintain so much of the pike
as lies within the city. The fact that the city has not
exercised control over the pike is immaterial. It be-
came a public way of the city by operation of law
when it became a free pike.

As to the bridge, however, a different question is
presented. It is true that, as the creek is the boun-
dary between the town and the county, the line follows
the thread of the stream, and so much of the bridge
as is west of the thread of the stream is within the
city. Still, bridges of this sort stand differently from
a street. The citizens of the city are taxed in com-
mon with the citizens of the county to maintain all the
county bridges, and, if the fiscal court is required to
maintain the bridge, the city will bear its proportion
of the burden in common with the rest of the county.
For this reason a different rule must be applied be-
tween the city and the county as to bridges of this
sort from that which is applied between two cities or
between two counties as to a bridge spanning a stream

which is the dividing line between them.   In Trustees of Elizabethtown v. Hardin County Court, a manuscript opinion filed February 9, 1877, and quoted with approval in Leslie County v. Wooten, 115 Ky. 850, 75 S. W. 208, 25 Ky. Law Rep. 217, it is said: "While the town must keep its streets and alleys in repair, it cannot be said that such a structure as this is to be regarded as a part of the street for the purpose of compelling its population to rebuild or repair it. It is within the county as well as the town limits, and is that character of improvement required to be made by the county court when the necessities of the public demand it." See, also Clay City v. Roberts, etc (filed February 13, 1907), 99 S. W. 651, 30 Ky. Law Rep. 820.

The bridge in question is on a thoroughfare traveled by a large portion of the inhabitants of the county in reaching the county seat and the railroad station. It is essentially a county bridge, and indispensable for the use of the county, and is such a structure as the fiscal court should maintain. It is entirely outside of the settled part of the city; it is not necessary for city purposes; it is only nominally to any extent within its boundary, and, under the principles of the opinions cited, should be maintained by the fiscal court. It is incumbent on the fiscal court to build such bridges in the county as the county requires; and the citizens of a town will not be required to build a bridge for the county, though it may be located in the town. To illustrate: A ford in the case before us might serve the purposes of the town, while a bridge is necessary for the interests of the county; or, as in the Leslie county case, the cost of building the bridge required really by the county might be such a burden as would destroy the town. The entire

burden of building and maintaining a bridge on a
county highway, though wholly within the boundaries
of a town, has been placed on the county where from
the size of the town, the character of the bridge, the
travel over it, and other circumstances, this was just
and right. But ordinarily where a bridge is within
a city, and is necessary for city travel, as well as the
traveling public of the county, as between the public
and them, the burden rests on both the city and county
(Paintsville v. Commonwealth, 55 S. W. 915, 21 Ky.
Law Rep. 1634), and should be apportioned between
them in the proportion that the travel over the bridge
within the city bears to the travel over it to or from
the county outside of the city. If they cannot agree
upon it, then either may rebuild or repair the bridge
when necessary, ·and recover from the other its pro-
portion of the cost. Waupun v. Chester, 61 Wis. 401,
21 N. W. 251, and cases cited. Culverts, or such
small bridges as are essentially a part of the street,
should be built and maintained by the city; but
bridges which span streams, and are not fairly a part
of the street, rest on a different ground, when they
are for the common benefit of the people of the city
and the people of the county outside of the city. In
the case at bar, the bridge is not required for the pur-
pose of urban travel, but only for the travel to and
from the county and should be borne by the
county at large. Section 1851, Ky. Stat., 1903,
was construed in Richardson v. Boske, 111 Ky.
893, 23 Ky. Law Rep. 1209, 64 S. W. 919. It has no
application. Bardstown is not separated by law from
the remainder of Nelson county for county govern-
mental purposes. A city street is radically different
from a country road; it is usually much wider. Roads
that are sufficient for rural travel are often wholly
unsuited to urban purposes. The city street must be

controlled by the city authorities, for they can best judge as to the needs of the city, and what is best for its interests. But bridges over streams necessary for both country and city serve the purposes of both, and the burden of maintaining them should be borne as above indicated.

The judgment of the circuit court as to the bridge is affirmed; but, as to so much of the turnpike as lies within the city boundary, it is reversed, and cause remanded, for a judgment as herein indicated.