## Commonwealth, By etc. v. Louisville Transfer Company.

(Decided June 21, 1918.)

### Appeal from Jefferson Circuit Court.

Taxation—Transfer Company Not Liable for Franchise Tax— While a transfer company is a common carrier it exercises no privilege which is not allowed by law to natural persons, for a person who ownes a wagon, hack or automobile can do precisely the same business that is conducted by a transfer company. The fact that its business gives it the character of a common carrier does not make it liable for a franchise tax.

MAT J. HOLT for appellant.

W. W. CRAWFORD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

The material question for decision in this case is whether the appellee corporation, the Louisville Transfer Company, is liable for a franchise tax under Kentucky Statutes, section 4077. The judgment of the circuit court declared it exempt from such tax. From that judgment this appeal is prosecuted.

The proceeding was instituted by a revenue agent of the Commonwealth seeking to have an assessment made against appellee for alleged omitted property claimed to have been unassessed for the years 1909 to 1913, both inclusive. The statement filed by the appellant is in

two paragraphs; the first alleging the omission from assessment and taxation of a considerable amount of tangible personal property owned by appellee for each of the years mentioned; the second claiming liability upon the part of appellee for the franchise tax under the section of the statute, *supra*. To this paragraph the circuit court sustained a demurrer, following which ruling, judgment was entered dismissing the proceeding. The section of the statute in question is as follows:

"Every railway company or corporation and guaranty or security company, gas company or water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, press dispatch company, telephone company, turnpike company, palace car company, dining car company, sleeping car company, chair car company, and every other like company, corporation or association, also every other corporation, company or association having or exercising any special or exclusive privilege or franchise, not allowed by law to natural persons, or performing any public service, shall, in addition to the other taxes imposed upon it by law, annually pay a tax on its franchise to the state and a local tax thereon to the county, incorporated city, town or taxing district where its franchise may be exercised."

It is conceded by counsel for appellant that appellee is not a company of the character specifically mentioned in the section, but insisted by him that it is a company exercising a special or exclusive privilege, and, in addition, performing a public service, and for that reason liable to the tax. In other words, counsel urges the following contentions: (1) That appellant is a like company to a ferry company, except that it operates on land instead of water. (2) It is a common carrier. (3) It enjoys special privileges by reason of contracts it has made with railroad companies, which privileges are protected by such contracts and are not allowed to other persons. (4) It is engaged in performing a public service.

Obviously, the first contention is unsound. There is no similarity between appellant and a ferry company or individual owner of a ferry. The right to operate a ferry is under statutory authority granted by the county court in the form of a license to the owner of the ferry, under the conditions imposed by the statute, which fi-

cense has the effect to confer upon the licensee, to the exclusion of all others, the sole right to operate the ferry, and the right to condemn land for ferry landings. The privilege franchise thus granted is, therefore, a special or exclusive one not allowed by law to any other person or corporation. This is not true of the appellee or its business. It is true appellee is a common carrier, but the statute does not declare that every common carrier shall be liable for a franchise tax. If this were true every person owning a wagon or automobile that ran it in the transportation of passengers or freight would be liable for a franchise tax. Appellee's business seems to be to carry passengers and trunks or other freight from one railroad station to another or to hotels, residences or other places, but in conducting such business it exercises no privilege which is not allowed by law to natural persons. For any person who owns a wagon, hack, automobile or other vehicle can do precisely the same business that is conducted by the appellee; consequently the fact that its business gives it the character of a common carrier does not of itself make it liable for a franchise tax. Robertson & Co. v. Kennedy, 2 Dana. 431.

The franchise tax imposed by the statute, *supra,* is actually a property tax upon all the intangible property of the corporations named or mentioned therein. The franchise to appellee under its charter is merely a franchise to exist as a corporation and not a franchise conferring a special or exclusive privilege which the statute makes the subject of taxation. In other words, the intangible property value intended to be subjected to taxation by section 4077 is in reality that value which is given to tangible corporate property and the exercise of franchise, arising out of the exclusive or special character of the privilege granted. Louisville Tobacco Warehouse Co. v. Commonwealth, 106 Ky. 165; Aetna Insurance Co. v. Coulter, 115 Ky. 798; Hager, Auditor v. Louisville Title Co., 27 R. 345; Clark v. Louisville Water Co., 90 Ky. 515. Therefore, the vehicles, horses, and intangible property such as accounts due, money in bank, etc., owned by appellee, are of no greater value by reason of its being a corporation with the right to exist and exercise the functions of a natural person, than would be its value in the hands of a natural person or single individual.

We, are unable to discover any force in appellant's third contention, viz.: that appellee enjoys "special privileges by contract with the railroad company, which privileges are protected by contracts and not enjoyed by other persons." The contention is manifestly unsound. The fact that appellee has such contracts with the railroad company or companies does not give the privilege conferred a special character. Although the contracts were intended to be exclusive as between the contracting parties, the privilege obtained under them by appellee is after all a general privilege, because of a character that might be obtained by any individual under similar contracts with the railroad company, or in the absence of such contracts, exercised as a natural right. If the contracts between appellee and the railroads are of a character that attempt to confer upon the former a monopoly of the business of transporting passengers or freight to or from their stations, such contracts, under the rule. announced in McConnel v. Pedigo & Hays, 92 Ky. 465, and Palmer Transfer Co. v. Anderson, 131 Ky. 217, would be void because of their discriminatory effect, and, therefore, could not operate to deprive others engaged in like business to that of appellee from transporting passengers or freight to or from their station.

The words "special privilege" found in section 4077 were not intended to cover special contracts that may be made under a mere corporate right to "exist," but to include the value added to the tangible corporate property arising out of the doing of things as a special or exclusive privilege which natural persons are excluded by the franchise from doing. In other words, the "special privilege" is the right to do the thing conferred upon the corporation by its charter which natural persons are not permitted to do.

Appellant's fourth and remaining contention is likewise untenable, because illogical in that it is rested upon the false premise that every corporation serving the public is within the purview of section 4077. The public service performed by appellee is only such as would or could be performed with equal right by a partnership or individual engaged in like business. Primarily, its object in conducting the business in which it is engaged is to obtain the resulting profit; and the fact that its prosecution of the business incidentally benefits the public or is essential to the public welfare, does not

change its character from that of a private corporation to a public service corporation. Its right to continue the business in no sense results from the exercise of a special or exclusive privilege or franchise conferred by its charter or the general incorporation laws of the state. Like a partnership or individual it can continue or discontinue the business at will. For the reasons stated, it is patent that appellee does not perform public service which would subject it to a franchise tax as contemplated by section 4077. The only franchise it has is the right to exist as a corporation and do as a corporation what every one of its stockholders or any other individual might do without the payment of any added tax. If it pays taxes on all its tangible property and intangible property such as choses in action, etc., this is all that can be required of it. The cases cited by appellant's counsel in support of his several contentions, viz.: Henderson Bridge Co. v. Commonwealth, 99 Ky. 623; Louisville Tank Line Co. v. Commonwealth, 123 Ky. 84; James, Auditor v. Kentucky Refining Co., 132 Ky. 357; do not militate against the conclusions we have expressed, as the corporations from which it was sought to collect the franchise tax in these cases were either carriers of freight and passengers by means of railroads, furnishers of equipages for railroads or like corporations engaged actually or incidentally in the railroad carrying business.

Finally, it is insisted for appellant that aside from the question whether the action of the circuit court in declaring appellee not subject to the franchise tax was error, the judgment of dismissal was to the prejudice of appellant as there should have been an assessment of certain tangible property for the years or some of them involved, consisting of office furniture or stock feed, which it is claimed appellee did not list for taxation. We find the evidence very indefinite as to these items of alleged omitted property. Possibly there were shown to be some stock provender and one or two articles of office furniture not specifically named in the list of personal property given in by appellee in some of the years set forth in the petition, but this property can hardly be said to have amounted in value to as much as a hundred dollars and the complaint as to its omission does not seem to have been urged by appellant in the court below; or, if pressed, was regarded by the court of such slight

value as to require the application of the doctrine *de minimus non curat lex.*

For the same reason the failure of the court to take that matter into account, if error, is not sufficiently material to justify a reversal of the judgment.

Judgment affirmed.