# Diamond Taxi Company v. Gilliam, Circuit Judge.

(Decided November 12, 1926.)

## Denying Writ of Mandamus.

1. Mandamus—Mandamus Will Lie to Coerce Action by Judge Only if His Action Clearly would Delay Trial or Preparation Therefor, so as to Deny Justice.—Mandamus, being an extraordinary writ with prerogative features, and not a writ of right, will lie to coerce action by a judge only if there clearly appears such unreasonable or arbitrary failure or refusal to act as would delay trial or preparation therefor, so as to amount to denial of justice.

2. Mandamus.—On petition for mandamus to compel action by judge, presumption is that he did his duty.

3. Mandamus—Delaying Decision on Suit in State Court Until Decision of Suit Previously Instituted in Federal Court Held Not to Entitle Party to Mandamus to Require Decision in State Court.—Where rule in federal court and rule in state court differed as to validity of contract of carrier, granting taxicab company exclusive rights as to solicitation of passengers and baggage, and suit in federal court for injunction, in which jurisdiction on ground of diversity of citizenship was attacked for fraud, was pending at time of institution of suit in state court, delaying action awaiting decision of federal court held not to entitle party to mandamus to compel decision of state court case.

GUY H. HERDMAN and RODES & HARLIN for appellant.

THOMAS, THOMAS & LOGAN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Dismissing petition.

By this original proceeding in this court, the petitioner seeks a writ of mandamus commanding the respondent, who is the circuit judge of the Warren circuit court, to decide a certain action pending in his court, wherein this petitioner is plaintiff and the Louisville and Nashville Railroad Company and the Brown and Yellow Taxicab and Transfer Company are defendants.

From the petition and answer, as amended, we find that on December 2nd, 1925, the Brown and Yellow Taxicab and Transfer Company, formerly a Kentucky corporation, but then a Tennessee corporation, which we shall hereafter call the Yellow Cab Company, brought suit in the United States district court for the western district of Kentucky against the Louisville and Nashville Railroad Company, hereafter called the railroad, and the

Black and White Taxicab Company, to enjoin the Black and White Taxicab Company from interfering with the Yellow Cab Company's alleged exclusive right to solicit on the platforms of the railroad's station at Bowling Green passengers and the carriage of baggage, and to occupy with its taxicabs and trucks certain portions of the railroad's premises at that point under a contract theretofore entered into between it and the railroad giving it such exclusive privileges, and to enjoin the railroad from permitting other taxicab companies to so solicit passengers and baggage and to impede the Yellow Cab Company's occupancy of the railroad's premises. The jurisdiction of the federal court was based on diversity of citizenship. On December 10th following the petitioner herein brought suit in the Warren circuit court against the railroad and the Yellow Cab Company to enjoin the railroad from forbidding the petitioner and its agents to solicit on the platforms of the railroad's station at Bowling Green passengers and baggage. A temporary injunction in this case being denied by the Warren circuit court, a motion was made before Judge Clay of this court to grant the temporary injunction thus refused, but the federal court, having in the meantime granted a temporary injunction in the suit pending before it, Judge Clay, all of the judges of this court concurring with him, overruled this motion but without prejudice to a trial on the merits.

Thereafter the pleadings in the case pending in the Warren circuit court were duly made up and the case prepared for final submission. On June 30, 1926, the federal district court made its temporary injunction permanent. The defendants in that action at once appealed the case to the United States circuit court of appeals for the sixth circuit and at the time this petition was filed in this court it had there been argued and submitted.

By the amended answer we are informed that since the submission of this proceeding, the United States circuit court of appeals has affirmed the district court, but its mandate has not as yet issued.

During the February, 1926, term of the Warren circuit court, the petitioner unsuccessfully moved for a final submission of its action pending in that court. The respondent assigned as his reason for declining then to pass upon the case that he was awaiting the final decision of the federal district court in the action therein pending.

Again at the October, 1926, term of the Warren circuit court, the petitioner sought a final submission of its cause, and, the court again declining to decide it, the petitioner brought this proceeding to compel him to do so. The respondent in his original answer filed herein stated that he had declined to decide this case at this time because he was awaiting the outcome of the case pending before the United States circuit court of appeals. By his amended answer, he says that he has been informed that the United States circuit court of appeals has decided that case and that, as soon as a copy of its judgment and opinion are filed in the case before him, he will decide the same.

In the case of the J. B. B. Coal Co. v. Halbert, Judge, 169 Ky. 687, 184 S. W. 1116, we pointed out that mandamus is an extraordinary writ with prerogative features and not a writ of right, and that therefore a strong case must be presented to coerce action by a judge, the presumption being that he has done his duty. We there held that unless it is clearly made to appear that there has been such an unreasonable or arbitrary failure or refusal upon the part of the judge to act as would so unduly delay a trial or such preparation for trial as to amount to a denial of justice, the writ here sought would be denied.

Applying these principles to the case before us, we find that the judge of the Warren Circuit court was confronted with a very delicate situation. A case was pending in the federal district court involving, in the last analysis, the validity of a contrat whereby a carrier grants to a taxicab company certain exclusive rights and privileges respecting the solicitation of passengers and baggage on the premises of the carrier. Under the rule prevailing in the federal court, it was reasonably certain that the federal court would uphold the validity of that contract, although, under the rule prevailing in the courts of this state, such a contract is void. Palmer Transfer Co. v. Anderson, 131 Ky. 217, 115 S. W. 182; McConnell v. Pedigo, 92 Ky. 465, 18 S. W. 15; Cf. Commonwealth v. Louisville Transfer Co., 181 Ky. 305, 204 S. W. 92. But there was involved in the federal court case a preliminary question respecting a claimed fraud on the jurisdiction of that court arising out of the fact that the Yellow Cab Company, which had been a Kentucky corporation, had surrendered its Kentucky charter and reincorporated as a Tennessee corporation. It was asserted that this

was done solely for the purpose of invoking the jurisdiction of the federal court in the suit the Yellow Cab Company brought in that forum, and hence the Yellow Cab Company was attempting to perpetrate a fraud on the jurisdiction of that court. If the federal court found against this contention, as it did, it would then, in all probability, uphold the contract which the Yellow Cab Company was seeking to enforce. On the other hand, if the federal court found in favor of this contention, it would probably dismiss the suit pending before it.

But for the federal court case, the Warren circuit court, following the authorities above cited, would have no doubt promptly decided the case pending before it in favor of the petitioner. But the federal court having first acquired jurisdiction of the essential cause of the controversy, the Warren circuit court was presented with the dilemma of whether, under the state rule concerning the validity of such contracts, he should enjoin the railroad, as the petitioner asked, or under the doctrine of comity of courts he should decline to forbid the railroad to do something which it had been ordered to do by a federal court of competent jurisdiction. See State v. State Dispensary Commission, 79 S. C. 316, 60 S. E. 928; 15 C. J. 1160. As there was a chance that the federal court would dismiss the suit pending before it because of the alleged fraud on its jurisdiction, and as a prompt decision in that forum was reasonably expected, the respondent was not unreasonable or arbitrary in awaiting the outcome of that case, since its decision, if it fell one way, would relieve the court of all embarrassment and probably insure the petitioner the relief he sought. For like reasons, the respondent did not act unreasonably or arbitrarily when he declined at the October, 1926, term, to decide the case before him, as he then expected very soon a decision from the United States circuit court of appeals.

Since, as we have seen, the respondent has not so far acted unreasonably or arbitrarily in declining to decide the case before him, it follows that the petitioner is not entitled to the writ of mandamus here sought, and, as the respondent has now indicated his intention of finally adjudicating the case before him as soon as a copy of the judgment and opinion of the United States circuit court of appeals is filed with him, the prayer of the petitioner must be denied and his petition herein dismissed. It is so ordered.