# Bailey et al. v. Carter County et al.

(Decided Feb. 21, 1933.)

R. T. KENNARD and DYSARD, TINSLEY & PRICHARD for appellants.

JOHN M. THEOBALD and J. R. McGILL for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Olive Hill—a city of the fifth class—is located in Carter county, Ky. The population of the county is 23,000. The assessed value of the real and personal property situated in the county is $6,593,814, and that within the city of Olive Hill is $713,308.

In 1901, the county, by and in pursuance to orders of its fiscal court, constructed across Tygert creek, within the edge of the corporate limits of Olive Hill, on the south side thereof, for the use of the traveling public, a bridge 165 feet in length and 14 feet wide, of steel, with stone abutments and wooden floor. It has

been used continuously since its erection by that portion of the traveling public, residing in the south side of the county, when going to Olive Hill, traveling the road known as Ross Chapel, and also the county road known as Tick Ridge highway, leading to Olive Hill. Approximately 4,000 people reside in the sections of the county known as the Ross Chapel and Tick Ridge settlements, who have no other means of crossing Tygert creek ,when traveling to and from the city of Olive Hill.

The bridge is decayed. The steel girders, the connecting braces, and other metal portions of it have rusted, and are broken down, until it is necessary to prop the bridge with poles. It is dangerous for the use of the traveling public, and is continuously becoming more so, especially in times of high water

George Bailey, W. H. De Hart, and Chas. De Hart, citizens, residents, and taxpyaers of the county, for themselves and on behalf of all other citizens and taxpayers of the county, instituted this action against the county, the county judge, and the justices of the peace, of the county, in which the facts we have recited are alleged, and upon which they seek a mandamus against the fiscal court requiring it to repair the bridge. Before the institution of the action, they made a demand of the fiscal court, while it was in session, requesting it to repair the bridge with the funds of the county, which it refused to do. The county and the members of the fiscal court interposed a demurrer to the petition. It was sustained. The taxpayers appeal.

A demurrer admits the truth of the allegations of a petition. Norman v. Ky. Board of Managers, 93 Ky. 537, 20 S. W. 901, 14 Ky. Law Rep. 529, 18 L. R. A. 556. The question presented is whether the petition states facts sufficient to constitute a cause of action when tested by a demurrer. The county and the fiscal court present section 4305, Ky. Stats. as prescribing the authority and controlling the duty of the fiscal court under the facts presented, with the argument that both the rebuilding and reparing of the bridge are questions resting exclusively in the discretion of the fiscal court. It is argued that the fiscal court is the ministerial agency of the county, with the power to exercise its discretion as to the necessity of repairing or rebuilding the bridge, and until the matter is presented as, and in the manner, required by the statute (section 4305), no

cause to exercise its discretion arises. It is also argued that, since the question has not been presented to the fiscal court as prescribed by section 4305, a mandamus will not be granted to compel the performance of its discretionary, or ministerial, duty. Montgomery County v. Menefee County, 93 Ky. 33, 18 S. W. 1021, 13 Ky. Law Rep. 891; Highbaugh v. Hardin County, 99 Ky. 16, 34 S. W. 706, 17 Ky. Law Rep. 1313, and other later cases, and section 477 of the Civil Code of Practice, are cited to sustain the contention of the county and the fiscal court. Section 1840, Ky. Stats, confers jurisdiction on the fiscal court to appropriate county funds authorized by law to be appropriated; to erect and keep in repair bridges and other structures, superintend the same; and to regulate the fiscal affairs and property of the county and provide for the good conditions of the highways of the county. Section 4305, upon which the county and fiscal court so confidently rely, must be read and interpreted in connection with section 4356m.

It is very clear that, when these two sections are read together in the light of their construction in Russell County v. Hill, Judge, 164 Ky. 360, 175 S. W. 988, the fiscal court, notwithstanding section 4305, has the jurisdiction conferred upon it by section 1840.

The fiscal court is not controlled nor precluded by section 4305 when exercising its jurisdiction in the building or repairing of bridges and maintaining public roads as authorized by section 1840. The jurisdiction is conferred by this section on the fiscal court to determine whether a bridge shall be erected. It is the agency to exercise the judgment as to the need for it. Commonwealth, for etc., v. Boone County Court, 82 Ky. 632; Leslie County v. Wooten, 115 Ky. 850, 75 S. W. 208, 25 Ky. Law Rep. 217. The duty, however, to repair a bridge, or to keep it in repair after it is erected, is not left to the discretion of the fiscal court. The original construction establishes the public necessity therefor, and it is altogether a different question, when the safety of the public travel demand the repairing of a bridge. It is a plain and positive duty of the fiscal court to make the reasonable repairs, devoid of discretionary power. This construction of section 1840 was approved in Trustees of Elizabethtown v. Hardin County, 9 Ky. Opin. 332; Nelson County v. City of Bardstown, 124 Ky. 636, 99 S. W. 940, 30 Ky. Law Rep.

642

870; City of Flemingsburg v. Fleming County, 127 Ky. 120, 105 S. W. 133, 32 Ky. Law Rep. 11; City of Clinton v. Hickman County, 160 Ky. 687, 170 S. W. 11; Clay City v. Roberts, 124 Ky. 594, 99 S. W. 651, 30 Ky. Law Rep. 820, and in the more recent case of City of Pineville v. Robbins, Judge, 232 Ky. 218, 22 S. W. (2d) 607.

The question of necessity of constructing the bridge, before it was constructed, was exclusively a matter within the discretion of the fiscal court, which could not be controlled by a mandamus. Having once exercised that discretion and built the bridge, the repairing or keeping it in repair becomes a positive, imperative duty of the fiscal court, which it may be compelled by a mandamus to discharge for the safety and protection of the traveling public.

Without reiterating the reason for the construction of the statutes as given in the cases, supra, but applying it in this case, the suing taxpayers on the facts set out in their petition are entitled to compel the fiscal court to discharge its statutory duty to repair the bridge for the use of the general traveling public.

Section 477, Civil Code of Practice, as construed by this court in Lowe v. Phelps, 14 Bush, 642, Diamond Taxi Co. v. Gilliam, 216 Ky. 521, 287 S. W. 981, and Carter County v. Mobley, 150 Ky. 482, 150 S. W. 497, authorizes the issuance of the mandamus. The decree appealed from not being in harmony with the views herein expressed, it is reversed for proceedings consistent with this opinion.